[Cite as *State v. Evans*, 2012-Ohio-850.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
WASHINGTON COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | : | |
| Plaintiff-Appellee, | : | Case No. 11CA16 |
| | : | |
| vs. | : | **Released: February 24, 2012** |
| | : | |
| LANDON C. EVANS, | : | DECISION AND JUDGMENT |
| | : | ENTRY |
| Defendant-Appellant. | : | |

_____
APPEARANCES:

John A. Bay, Bay Law Office L.L.C., Columbus, Ohio, for Appellant.

James E. Schneider, Washington County Prosecuting Attorney, and Alison L. Cauthorn, Washington County Assistant Prosecuting Attorney, Marietta, Ohio, for Appellee.

_____

McFarland, J.:

{¶1} This is an appeal from a Washington County Court of Common Pleas journal entry sentencing Appellant to maximum and consecutive prison terms totaling twenty-four years, stemming from his convictions of involuntary manslaughter, unlawful sexual contact with a minor, tampering with evidence and gross abuse of a corpse. On appeal, Appellant contends that the trial court abused its discretion when it sentenced him to a cumulative prison term of twenty-four years. As we conclude that the trial court did not err or abuse its discretion in sentencing Appellant to maximum

and consecutive sentences, we overrule Appellant's sole assignment of error.

Accordingly, we affirm the judgment of the trial court.

FACTS

{¶2} On April 5, 2011, Appellant pled guilty to a bill of information containing the following: 1) one count of involuntary manslaughter, a felony of the first degree, in violation R.C. 2903.04(A); six counts of unlawful sexual contact with a minor, all fourth degree felonies, in violation of R.C. 2907.04(A) & (B)(1); one count of tampering with evidence, a felony of the third degree, in violation of R.C. 2921.12(A)(1); and one count of gross abuse of a corpse, a felony of the fifth degree, in violation of R.C. 2927.01(B) & (C).[1] These charges stemmed from an unlawful sexual relationship between Appellant and his minor half-sister which culminated in the birth, and ultimate death, of their child. Appellant did not request that the transcript of the plea hearing be made part of the record on appeal; thus, we are not aware of the facts stipulated to in support of the plea.

{¶3} On May 12, 2011, the trial court sentenced Appellant to the following prison terms: 1) a definite period of ten years for involuntary manslaughter; eighteen months on each of the six counts of unlawful sexual

---

[1] The record indicates that Appellant was originally indicted on two counts of aggravated murder with specifications, two counts of unlawful sexual conduct with a minor, tampering with evidence and gross abuse of a corpse, prior to entering into an agreement with the State to plead guilty to the bill of information.

conduct with a minor; and five years for tampering with evidence.[2] The trial court further ordered that each of the prison terms be served consecutively to one another, for a combined sentence of twenty-four years. It is from the trial court's May 20, 2011, journal entry that Appellant now brings his timely appeal, asserting a single assignment of error for our review.

## ASSIGNMENT OF ERROR

"I.    THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT SENTENCED MR. EVANS TO A CUMULATIVE PRISON TERM OF 24 YEARS."

## LEGAL ANALYSIS

{¶4} In his sole assignment of error, Appellant contends that the trial court abused its discretion when it sentenced him to a cumulative prison term of twenty-four years. In support of his assignment of error, Appellant contends that the trial court ignored the explicit direction of the sentencing statutes, namely R.C. 2929.11(A). Appellant specifically argues that the trial court did not consider the directives of the statute, that the sentence "does little more to incapacitate the offender and deter him and others from future crime than a 10 year sentence would[,]" and that the sentence "forfeits the benefits of rehabilitation" and restitution possible with a lesser sentence. Appellant also argues budget and prison overcrowding issues. The State

---

[2] The record indicates that the parties stipulated that tampering with evidence and gross abuse of a corpse were allied offenses of similar import and merged for purposes of sentencing. Thus, no sentence was imposed for the conviction for gross abuse of a corpse.

contends that the trial court complied with all of the applicable rules and statutes and did not abuse its discretion in sentencing Appellant.

{¶5} In *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, the Supreme Court of Ohio announced the standard for appellate review of felony sentences. We must employ a two-step analysis. First, we must "examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law." *Kalish* at ¶ 4. If the sentence is not clearly and convincingly contrary to law, we review it for an abuse of discretion. Id.

{¶6} If the trial court's sentence is outside the permissible statutory range, the sentence is clearly and convincingly contrary to law. *Kalish* at ¶ 15. Here, Appellant was convicted of involuntary manslaughter in violation of R.C. 2903.04(A), which is a first degree felony, and was sentenced to a definite prison term of ten years. The applicable version of R.C. 2929.14(A)(1)[3] provides that "[f]or a felony of the first degree, the prison term shall be three, four, five, six, seven, eight, nine or ten years." Thus, although a maximum sentence, Appellant's ten year sentence falls within the statutory range.

---

[3] The current version of R.C. 2929.14 did not become effective until September 30, 2011. The bill of information states that the offense of involuntary manslaughter occurred on June 4-5, 2008. Thus, we apply the prior version of R.C. 2929.14, which has an effective date of January 1, 2008.

{¶7} Appellant was also convicted of six counts of unlawful sexual conduct with a minor in violation of R.C. 2907.04(A) & (B)(1), each fourth degree felonies. R.C. 2929.14(A)(4)[4] provides that "[f]or a felony of the fourth degree, the prison term shall be six, seven, eight, nine, ten, eleven, twelve, thirteen, fourteen, fifteen, sixteen, seventeen, or eighteen months." Thus, although the trial court imposed eighteen month maximum sentences on each count, each sentence was within the statutory range. Finally, Appellant was convicted and sentenced on one count of tampering with evidence, a third degree felony in violation of R.C. 2921.12 (A)(1). R.C. 2929.14(A)(3)[5] provides that "[f]or a felony of the third degree, the prison term shall be one, two, three, four, or five years." Again, although the trial court imposed the maximum five-year sentence, it was within the statutory range. Thus, each individual sentence imposed by the trial court was within the permissible statutory range. As such, Appellant's total combined prison sentence is within the statutory range for his various crimes and is not clearly and convincingly contrary to law.

---

[4] The current version of R.C. 2929.14 did not become effective until September 30, 2011. The bill of information charged Appellant with six counts of unlawful sexual conduct with a minor (one in April of 2007, one in May of 2007, one in June of 2007, on in July of 2007, one in August of 2007, and one in September of 2007). Thus, we apply the prior versions of R.C. 2929.14, which were in effect at those times, with effective dates of January 2, 2007, April 4, 2007, and April 5, 2007.

[5] As the tampering with evidence offense occurred in the summer of 2008, we apply a prior version of R.C. 2929.14(A)(3) with an effective date of January 1, 2008.

{¶8} Appellant also appears to argue that his sentences are clearly and convincingly contrary to law because the court did not consider the directives R.C. 2929.11 and R.C. 2929.12. Sentencing courts are "no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences[,]" *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, at paragraph seven of the syllabus; however, they must still consider R.C. 2929.11 and R.C. 2929.12 before imposing a sentence. *Kalish* at ¶ 13.  As set forth above, Appellant contends that the trial court's imposition of maximum and consecutive sentences did not comport with the directives of R.C. 2929.11 with regard to the issues of deterrence, rehabilitation, and restitution.  He also argues the societal concern of prison overcrowding.

{¶9} Contrary to Appellant's arguments, however, the trial court expressly stated that it had considered "the principles and purposes of sentencing pursuant to Ohio Revised Code Sections 2929.11 through 2929.19[.]"  The trial court further stated in its sentencing entry as follows:

"The Court has weighed the seriousness and recidivism factors and has considered the over-riding purposes of felony sentencing to protect the public from future crime by this offender and others, and the purpose to punish this offender, and has considered the need for incapacitating this offender and deterring the offender and others from future crime, and for rehabilitating the offender.  Thereupon the Court FINDS that the sentence it is about to impose is reasonably calculated to achieve these purposes, and is commensurate with, and does not demean the seriousness of the offender's

conduct, and its impact upon the victim, and is consistent with sentences imposed for similar crimes committed by similar offenders."

Because Appellant's combines sentences did not exceed the permissible statutory range, and in light of the fact that the trial court expressly stated that it considered the overriding purposes of the felony sentencing statutes, we find Appellant's sentences, both individually and cumulatively, are not clearly and convincingly contrary to law.

{¶10} We must next determine whether the trial court abused its discretion in selecting Appellant's sentences. "The term 'abuse of discretion' implies that the court's attitude is arbitrary, unreasonable, or unconscionable." *State v. Kulchar*, Athens App. No. 10CA6, 2011-Ohio-5144 at ¶ 48; citing *State v. Adams* (1980), 62 Ohio St.2d 151, 157, 404 N.E.2d 144. As we recently explained in *Kulchar*:

" 'An "abuse of discretion" has * * * been found where a sentence is greatly excessive under traditional concepts of justice or is manifestly disproportionate to the crime or the defendant. *Woosley v. United States* (1973), 478 F.2d 139, 147. * * * Where the severity of the sentence shocks the judicial conscience or greatly exceeds penalties usually exacted for similar offenses or defendants, and the record fails to justify and the trial court fails to explain the imposition of the sentence, the appellate court's [sic] can reverse the sentence. [ Id.] This by no means is an exhaustive or exclusive list of the circumstances under which an appellate court may find that the trial court abused its discretion in the imposition of [a] sentence in a particular case.' " *Kulchar* at ¶ 48; citing *State v. Davis*, Highland App. No. 06CA21, 2007-Ohio-3944, at ¶ 42:

{¶11} In the May 20, 2011, sentencing entry, the trial court found several prison factors to be present, and also noted several factors which it

believed made the crimes more serious than the norm. Specifically, the trial court found that the injury to the victim was made worse due to the age of the victim, that Appellant caused serious psychological harm to the victim as to the unlawful sexual conduct with a minor convictions, and that Appellant's relationship with the victim facilitated the offense. The trial court further noted Appellant's prior criminal record and that Appellant had served a prior prison term. Finally, the trial court stated that "[a]though the Defendant shows remorse as to the sexual assault crimes the Court finds the Defendant shows no real remorse as to the remaining crimes, instead he chose to blame the other party."

{¶12} Based upon the foregoing, we cannot conclude that the trial court acted in an arbitrary, unreasonable or unconscionable manner when it selected Appellant's sentences and then ordered them to be served consecutively. As such, we overrule his sole assignment of error. Accordingly, the decision of the trial court is affirmed.

**JUDGMENT AFFIRMED.**

# JUDGMENT ENTRY

It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Washington County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.

Abele, P.J. and Harsha, J.: Concurs in Judgment and Opinion.

For the Court,

BY: _____
Matthew W. McFarland, Judge

**NOTICE TO COUNSEL**
**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**