[Cite as *State v. Waggoner*, 2013-Ohio-5204.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


STATE OF OHIO,                                    :

    Plaintiff-Appellee,                     :          CASE NO.   CA2013-02-027

                                                 :                O P I N I O N
  - vs -                                                              11/25/2013

                                                 :

GARY L. WAGGONER,                          :

    Defendant-Appellant.              :


CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2012-10-1617


Michael T. Gmoser, Butler County Prosecuting Attorney, Kimberly L. McManus, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for plaintiff-appellee

John T. Willard, P.O. Box 35, Hamilton, Ohio 45012, for defendant-appellant


**RINGLAND, J.**

{¶ 1}   Appellant, Gary L. Waggoner, appeals from his sentence following a guilty plea to operating a vehicle under the influence (OVI) in the Butler County Court of Common Pleas. For the reasons outlined below, we affirm.

{¶ 2}   Waggoner pleaded guilty to a fourth-degree felony OVI in violation of R.C. 4511.19(A)(1)(a) as this was Waggoner's fourth offense in the past six years.  On January 17, 2013, the trial court sentenced Waggoner to 24 months in prison, of which the trial court

stated 60 days were mandatory. Waggoner was given credit for time served in the amount of 118 days. Waggoner was also ordered to pay a fine of $1,350 and his driving privileges were suspended for 15 years.

{¶ 3} Waggoner now appeals his sentence, asserting as his sole assignment of error the following:

{¶ 4} "IT WAS ERROR AND AN ABUSE OF DISCRETION TO SENTENCE [WAGGONER] TO 24 MONTHS IN PRISON AND DENY HIM COMMUNITY CONTROL."

{¶ 5} Waggoner argues that the sentence imposed for his fourth-degree felony OVI conviction was contrary to law. Waggoner asserts that he should not have been sentenced according to the OVI statute, R.C. 4511.19, but rather according to the sentencing guideline statute, R.C. 2929.13, because of the recent enactment of 2011 Am.Sub.H.B. 86 (H.B. 86). Specifically, Waggoner argues that the trial court erred by sentencing him to a prison term rather than ordering community control for a nonviolent fourth-degree felony offense as required by R.C. 2929.13(B).

{¶ 6} The state urges us to analyze Waggoner's sentence under an abuse of discretion standard as outlined by the Ohio State Supreme Court in *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912. However, in *State v. Crawford*, 12th Dist. Clermont No. CA2012-12-088, 2013-Ohio-3315, we recently stated that "rather than continue to apply the two-step approach as provided by *Kalish*" in reviewing felony sentencing, "the standard of review set forth in R.C. 2953.08(G)(2) shall govern all felony sentences." *Id.* at ¶ 6.

{¶ 7} When considering an appeal of a trial court's felony sentencing decision under R.C. 2953.08(G)(2), "[t]he appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing." However, as explicitly stated in R.C. 2953.08(G)(2), "[t]he appellate court's standard for review is not whether the sentencing court

abused its discretion." Rather, the appellate court may take any action authorized under R.C. 2953.08(G)(2) only if the court "clearly and convincingly finds" that either: (1) "the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;" or (2) "[t]hat the sentence is otherwise contrary to law."

{¶ 8}  In making such a determination, it is "important to understand that the clear and convincing standard used by R.C. 2953.08(G)(2) is written in the negative." *Crawford* at ¶ 8. "It does not say that the trial judge must have clear and convincing evidence to support its findings." *Id.* Quite the contrary, "it is the court of appeals that must clearly and convincingly find that the record does not support the court's findings." *Id.* Simply stated, the language in R.C. 2953.08(G)(2) establishes an "extremely deferential standard of review" for "the restriction is on the appellate court, not the trial judge." *Id.* Furthermore, an appellate court will not find a sentence clearly and convincingly contrary to law where the trial court considers the purposes and principles of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly applies postrelease control, and sentences appellant within the permissible statutory range. *Id.* at ¶ 9.

{¶ 9}  In light of Waggoner's arguments, we must determine the intent of the legislature regarding the interaction of the OVI statute, R.C. 4511.19, and the sentencing guideline statute, R.C. 2929.13, as modified by H.B. 86. When interpreting statutes, "we must first look to the plain language of the statute itself to determine the legislative intent" and "apply a statute as it is written when its meaning is unambiguous and definite." *Summerville v. Forest Park*, 128 Ohio St.3d 221, 2010-Ohio-6280, ¶ 18. "However, where a statute is found to be subject to various interpretations, a court called upon to interpret its provisions may invoke rules of statutory construction in order to arrive at legislative intent." *Cline v. Ohio Bur. of Motor Vehicles*, 61 Ohio St.3d 93, 96 (1991).

{¶ 10} In this instance the statutes are clear and unambiguous. While Waggoner relies on the language in R.C. 2929.13(B) to support his argument that community control is required for a fourth-degree felony offense, Waggoner fails to take into account the language contained in R.C. 2929.13(G).[1]

{¶ 11} R.C. 2929.13(G) states:

> *Notwithstanding divisions (A) to (E) of this section*, if an offender is being sentenced for a fourth degree felony *OVI offense* * * * the court *shall impose* upon the offender a mandatory term of local incarceration or *a mandatory prison term* * * *.

(Emphasis added.) Specifically, R.C. 2929.13(G)(2) provides that if an offender is being sentenced for a fourth-degree felony OVI when the offender was not sentenced under R.C. 2929.13(G)(1) and not convicted of or pleaded guilty to a specification, the court "shall impose upon the offender a mandatory prison term of sixty days * * *." When looking at the plain language of the statute, the intent of the legislature is clear that division (G) of R.C. 2929.13 controls over division (B) of R.C. 2929.13 and mandates a prison sentence for a fourth-degree felony OVI offense.

{¶ 12} Furthermore, the language used in the OVI statute specifically refers to R.C. 2929.13. R.C. 4511.19(G)(1)(d)(i) states that the court shall sentence the offender in accordance with R.C. 2929.13(G). R.C. 4511.19(G)(1)(d)(i) provides that:

> If the sentence is being imposed for a violation of division (A)(1)(a) * * * of this section * * * a mandatory prison term of sixty consecutive days in accordance with division (G)(2) of [R.C. 2929.13] if the offender is not convicted of and does not plead guilty to a specification * * *.

Consequently, R.C. 2929.13 and R.C. 4511.19 are harmonized with one another and a

---

1. As we have recognized in *State v. Snider*, 12th Dist. Clermont No. CA2012-10-075, 2013-Ohio-4641, H.B. 86, in R.C. 2929.13(B)(1)(a), "established a preference for, and in certain conditions, a presumption of, community control sanctions for fourth and fifth degree felonies, subject to certain parameters." *State v. Snyder*, 3d Dist. Seneca No. 13-11-37, 2012-Ohio-3069, ¶ 20. However, this division is subject to R.C. 2929.13(G). Consequently, and because the defendant in *Snider* committed an offense while already under community control, *Snider* is not applicable in this case.

mandatory prison sentence is required for a fourth-degree felony OVI offense even after the implementation of H.B. 86.[2]

{¶ 13} Additionally, the record reveals that the trial court considered the purposes and principles of sentencing according to R.C. 2929.11 and balanced the seriousness and recidivism factors within R.C. 2929.12. The trial court also stated that it considered the presentence investigation report and whether community control was appropriate under R.C. 2929.13 in addition to the prison sentence. Moreover, Waggoner's sentence of 24 months in prison falls within the applicable statutory range for a fourth-degree felony OVI offense. R.C. 2929.13(G)(2); R.C.4511.19(G)(1)(d); R.C. 2929.14(B)(4). We find Waggoner's sentence was not clearly and convincingly contrary to law. As such, Waggoner's sole assignment of error is overruled.

{¶ 14} Judgment affirmed.

HENDRICKSON, P.J., and S. POWELL, J., concur.

---

2. We note that R.C. 4511.19(G)(1)(d)(i) also states:

> If the court imposes a mandatory prison term or mandatory prison term and additional prison term, in addition to the term or terms so imposed, the court also may sentence the offender to a community control sanction for the offense, but the offender shall serve all of the prison terms so imposed prior to serving the community control sanction.

While R.C. 4511.19(G)(1)(d)(i) *permits* a community control sanction, this language does not alter the fact that a term of incarceration is still mandatory for a fourth-degree felony OVI offense.