[Cite as *State v. Scates*, 2014-Ohio-418.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## CLARK   COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 2013-CA-36 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 12-CR-153B |
| v. | : | |
| | : | |
| JOSEPH SCATES, JR. | : | (Criminal Appeal from Clark |
| | : | County Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 7th day of February, 2014.

. . . . . . . . . . .

LISA M. FANNIN, Atty. Reg. #0082337, Clark County Prosecutor's Office, 50 East Columbia Street, 4th Floor, Post Office Box 1608, Springfield, Ohio 45501
     Attorney for Plaintiff-Appellee

GREGORY K. LIND, Atty. Reg. #0055227, One South Limestone Street, Ground Floor – Suite D, Springfield, Ohio 45502
     Attorney for Defendant-Appellant

. . . . . . . . . . . .

HALL, J.,

{¶ 1}     Joseph Scates appeals from his conviction and sentence following a guilty plea to one count of trafficking in heroin, a second-degree felony.

{¶ 2}     Scates advances two assignments of error on appeal. First, he alleges ineffective

assistance of counsel based on his attorney's failure to file a suppression motion. Second, he claims the trial court erred in sentencing him to more than a statutory minimum prison term.

{¶ 3}     The record reflects that Scates entered his guilty plea to the above charge in exchange for the dismissal of another charge and a specification. He also agreed to the forfeiture of certain property, and the State agreed to stand silent at sentencing. During the plea hearing, the prosecutor read the following facts into the record:

> On February 23, 2012, approximately 6:30 in the morning, the Springfield Police Division executed a search warrant at 315 West Pleasant Street in the City of Springfield/Clark County, Ohio, the Defendant Joseph Scates, along with a codefendant, Dawn Bradley, were in the master bedroom. The police made entry. The police also located in the master bedroom 12.79 grams of heroin that was contained in two separate baggies in the dresser in the bedroom. Also in the house in the bedroom was a scale with residue on it, a large amount of currency which was listed in the indictment. There also were no drug abuse instruments or any other drug paraphernalia indicative of drug abuse in the home indicating the heroin was used for sale.

(Sept. 28, 2012 Tr. at 4-5).

{¶ 4}     Following a Crim.R. 11 plea colloquy, the trial court accepted Scates' plea and made a finding of guilt. (*Id*. at 12). It later imposed a six-year prison term. (Doc. #20 and Oct. 18,

2012 Tr. at 7).

{¶ 5}     In his first assignment of error, Scates claims his attorney provided ineffective assistance by not moving to suppress the heroin. In support, he argues:

In this case, trial [c]ounsel failed to file a motion to suppress. Although the record does not contain information regarding the reasons why to suppress the evidence, police records indicate that there was a reason to file a motion to suppress. The search of the residence was unconstitutional. [Scates] was prejudiced by the error and would not have pled guilty and would have insisted on going to trial. Trial counsel failed to provide effective assistance by allowing the appellant to plead to the charge of trafficking in drugs.

(Appellant's brief at 4).

{¶ 6}    This court has recognized that "[a] plea of guilty waives any claim that the accused was prejudiced by ineffective assistance of trial counsel, except to the extent that the ineffectiveness alleged may have caused the guilty plea to be less than knowing, intelligent, and voluntary." *State v. Stivender*, 2d Dist. Montgomery No. 23973, 2011-Ohio-247, ¶ 15. Here Scates argues that his guilty plea was not made knowingly, intelligently, and voluntarily because his attorney rendered ineffective assistance by not filing a suppression motion. Although we find this proposition questionable, Scates' ineffective-assistance claim fails even if it was not waived.

{¶ 7}    To prevail, Scates must show that his attorney's performance was deficient and that the deficient performance prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Prejudice exists where "there is a reasonable probability that, but for counsel's deficient performance, the outcome would have been different." *Id.* at 694. In

the present context, Scates must establish a reasonable probability that the trial court would have sustained a motion to suppress. On the record before us, he has not made such a showing.

{¶ 8}    Scates candidly admits that "the record does not contain information regarding the reasons why to suppress the evidence[.]" (Appellant's brief at 4). The record reveals only that police executed a search warrant at his residence and found heroin inside.   (Sept. 28, 2012 Tr. at 4-5). Without any record evidence establishing grounds to suppress the heroin, Scates cannot demonstrate a reasonable probability the trial court would have sustained a suppression motion. A "bare assertion that counsel failed to seek suppression is insufficient because the failure to file a suppression motion is not per se ineffective assistance." *State v. Slaughter*, 2d Dist. Montgomery No. 25270, 2013-Ohio-1824, ¶ 19. Accordingly, the first assignment of error is overruled.

{¶ 9}    In his second assignment of error, Scates contends the trial court erred in sentencing him to more than a statutory minimum prison term. In support, he challenges the trial court's assessment of the statutory "seriousness" factors found in R.C. 2929.12.   After quoting the statute, Scates asserts: "When reviewing the factors of 2929.12, it is clear that the offender's conduct is less serious than conduct normally constituting the offense. There is no victim of this offense and no harm caused by the offense. The sentencing court should have found the appellant's conduct less serious than conduct normally constituting the offense. The court should have given the defendant the minium sentence for his offense." (Appellant's brief at 7).

{¶ 10}   Upon review, we find no error in the trial court's sentencing decision. As a threshold matter, we note that Scates raises his argument under *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124. Pursuant to *Kalish*, a felony sentence is reviewed using a

two-step process. The first step involves determining whether the sentence is contrary to law, i.e., whether the trial court complied with all applicable rules and statutes. The second step involves determining whether the trial court abused its discretion. Here Scates raises his argument under the second step of *Kalish*, asserting that the trial court abused its discretion in imposing a six-year sentence.

{¶ 11} After Scates filed his appellate brief, we decided *State v. Rodeffer*, 2d Dist. Montgomery Nos. 25574, 25575 and 25576, 2013-Ohio-5759. In *Rodeffer*, this court held that *Kalish's* two-step approach no longer applies to appellate review of felony sentences. Instead, we adopted the standard of review found in R.C. 2953.08(G)(2). *Id.* at ¶ 29. Under this statute, an appellate court may increase, reduce, or modify a sentence; or it may vacate the sentence and remand for resentencing. It may take these actions, however, only if it "clearly and convincingly" finds either (1) that the record does not support certain specified findings or (2) that the sentence imposed is contrary to law. "Furthermore, '[a]lthough *Kalish* no longer provides the framework for reviewing felony sentences, it does provide * * * adequate guidance for determining whether a sentence is clearly and convincingly contrary to law.' * * * According to *Kalish*, a sentence is not contrary to law when the trial court imposes a sentence within the statutory range, after expressly stating that it had considered the purposes and principles of sentencing set forth in R.C. 2929.11, as well as the factors in R.C. 2929.12." (Citations omitted) *Id.* at ¶ 32.

{¶ 12} Upon review, we find no basis for altering Scates' sentence or remanding for resentencing under R.C. 2953.08(G)(2). Scates does not claim any of the findings specified in the statute are unsupported by the record. His sentence also is not contrary to law. His six-year sentence is within the statutory range for a second-degree felony, and the trial court considered

the principles and purposes of sentencing as well as the seriousness and recidivism factors. (Doc. #20; Oct. 18, 2012 Tr. at 4-7). Therefore, we will not take any action with regard to his sentence.

{¶ 13} Finally, we recognize that Scates briefed his appeal under *Kalish* without the benefit of our recent opinion in *Rodeffer*. Even if we were to apply *Kalish*, we would find no abuse of discretion in the trial court's imposition of a six-year prison sentence. In support of its decision, the trial court found that Scates was engaged in a large-scale drug trafficking operation strictly for profit. It quoted a text message in which Scates opined that he "was put on this earth to sell drugs and make money." (*Id*. at 5). The trial court referenced the fact that "this activity was going on and these drugs were kept in the vicinity of children." (*Id*. at 5). The trial court also noted the potential physical effect Scates' drug trafficking had on drug users. It cited his extensive criminal record, which included delinquency adjudications and criminal convictions for offenses including theft, assault, disorderly conduct, attempted drug possession, drug possession, drug abuse, gambling, and attempted possession of criminal tools. (*Id*. at 6). The trial court observed that Scates previously had been placed on community control and did not respond favorably. (*Id*. at 7). It also found no genuine remorse. (*Id*.). Having reviewed the record, we cannot say the trial court abused its discretion in electing to impose a six-year prison term. Accordingly, the second assignment of error is overruled.

{¶ 14} The judgment of the Montgomery County Common Pleas Court is affirmed.

. . . . . . . . . . . . .

WELBAUM, J., concurs.

DONOVAN, J., concurring:

**{¶ 15}** I agree with the ultimate resolution and affirmance of this case. However, I reiterate my disagreement with the analysis as set forth in *Rodeffer*.

. . . . . . . . . . . . .

Copies mailed to:

Lisa M. Fannin
Gregory K. Lind
Hon. Richard J. O'Neill