[Cite as *State v. Batty*, 2014-Ohio-2826.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ROSS COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | : | |
| Plaintiff-Appellee, | : | Case No. 13CA3398 |
| | : | |
| vs. | : | |
| | : | DECISION AND JUDGMENT |
| AMANDA M. BATTY, | : | ENTRY |
| | : | |
| Defendant-Appellant. | : | **Released: 06/18/14** |

_____

APPEARANCES:

Timothy Young, Ohio State Public Defender, and Carrie Wood, Assistant State Public Defender, Columbus, Ohio, for Appellant.

Matthew S. Schmidt, Ross County Prosecuting Attorney, and Jeffrey C. Marks, Ross County Assistant Prosecuting Attorney, Chillicothe, Ohio, for Appellee.
_____

McFarland, J.

{¶1} Amanda Batty (Appellant) appeals her conviction in the Ross County Court of Common Pleas after she pled guilty to five counts of complicity to theft, violations of R.C. 2923.03, each count a felony of the fifth degree. On appeal, Appellant contends: (1) the trial judge was not qualified to preside over the trial court proceedings because he had been a prosecutor in the case; and (2) the trial court committed plain error when it imposed a prison sentence for a community control violation without being

authorized to do so by the most recent Crim.R. 32(C) judgment entry. Upon review, we find we have no jurisdiction to address the merits of Appellant's argument regarding recusal. We also find Appellant's prison sentence is not clearly and convincingly contrary to law. Accordingly, we overrule both assignments of error and affirm the judgment of the trial court.

FACTS

{¶2} In July 2009, Appellant was indicted on five counts of complicity to theft, R.C. 2923.03. The indictment is set forth on letterhead of the Ross County Prosecutor's Office. At the time of her indictment, the Ross County Prosecuting Attorney was Michael M. Ater. The indictment also bears Prosecutor's Ater's signature. On July 10, 2009, Prosecutor Ater requested a warrant on the indictment. Appellant was arraigned on the charges on July 13, 2009. The presiding judge was Judge William J. Corzine, III. The State of Ohio was represented by Assistant Prosecuting Attorney Richard Clagg. Pretrial discovery and other proceedings ensued. Three praecipes filed in the case bear Prosecutor Ater's signature and are set forth on the prosecutor's office letterhead.

{¶3} On January 13, 2010, Appellant pled guilty to each offense contained in the indictment. The State of Ohio was again represented by Assistant Prosecuting Attorney Clagg. On February 23, 2010, Appellant

was placed on community control for a period of two years. At the sentencing hearing, the trial judge stated: "If you violate any of these community control sanctions you will be subject to more restrictive sanction, a longer duration under supervision, or you could do twelve (12) months in prison on each charge." The subsequent judgment entry of sentence dated March 21, 2010 notified Appellant that if the conditions of community control were violated, the Court could impose a longer time under the same sanctions, more restrictive sanctions, or "a specific prison term of twelve (12) months."

{¶4} In February 2011, Prosecutor Ater became a common pleas judge in Ross County and Appellant's case was assigned to his docket. No one objected to the assignment and Judge Ater did not recuse himself.

{¶5} On January 9, 2012, Appellant was brought before the court to face allegations she had violated her community control. Judge Ater set bond for Appellant at the preliminary violation hearing and established a final hearing date of February 6, 2012. At the final violation hearing, Appellant admitted to the violations. Judge Ater addressed Appellant as follows:

> "Commit one more theft, one more theft while you are out, you're going to prison. And it's not just one year, I've got two years hanging on you for prison. That's twelve months on each…I'll run them consecutive. One more theft, you go it?"

{¶6} The judgment entry filed subsequent to the violation hearing, dated February 14, 2012, does not indicate Appellant faced the possibility of a prison sentence if she violated the terms of her community control.

{¶7} Appellant was again brought before Judge Ater on July 25, 2013, for a second preliminary hearing alleging violations of her community control. Appellant immediately admitted to the violations and was sentenced. Judge Ater addressed Appellant as follows:

> "You know, the Court has gone out of its way to help you.
> We've sent you to CBCF. We've helped you with counseling.
> We've done everything possibly that we can. You're a drug
> addict. You're a danger to yourself, but more importantly,
> you're a danger to society. You're just a person that's bad.
> There's nothing about you that's going to help society out.
> What needs to happen is you need to be locked away, not to
> help yourself, it has nothing to do with you, but to protect
> people from you. Therefore, I will impose consecutive
> sentences in this case. I will impose on Count One the twelve
> months sentence. On Count Two, I will impose a twelve
> months sentence, both of those to be run consecutive to each
> other. Counts Three, Four, and Five will be a one-year
> sentence as well. They will all run concurrent to the previous
> two sentences, so you've got about a year and a month hanging
> over your head.

{¶8} The Court imposed the twelve-month prison sentences on each of the five counts. He first indicated counts one and two were consecutive to each other and counts three, four and five were concurrent to the two year sentence. Judge Ater subsequently changed the sentence to running counts

one, two, and three all consecutive to each other, without only counts four and five running concurrently to the three year sentence.

{¶9} On August 5, 2013, Appellant filed a notice of appeal. On August 21, 2013, Judge Ater issued a corrected Criminal Rule 36 judgment entry which provides "the Court * * * may impose a specific prison term of twelve (12) months on each count" for a community control violation."

{¶10} On August 30, 2013, appellant filed a motion for bond pending resolution of her appeal in the trial court. Judge Ater denied the motion. On September 13, 2012, Appellant filed a motion for bond in this Court which was denied. Appellant filed an amended motion for bond on September 27, 2013. On October 9, 2013, Appellant filed a notice of additional facts after discovery Judge Ater had acted as prosecutor in her case. On October 29, 2013, this court denied Appellant's motion for bond.

ASSIGNMENT OF ERROR I

I. JUDGE ATER WAS NOT QUALIFIED TO PRESIDE OVER THE TRIAL COURT PROCEEDINGS BECAUSE HE WAS A PROSECUTOR IN THE CASE. THEREFORE, MS. BATTY'S SENTENCE SHOULD BE VACATED. JUD. COND.R. 2.11(A)(7)(a); FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION; SECTIONS 10 AND 16, ARTICLE I OF THE OHIO CONSTITUTION. (JAN. 9, 2012 PRELIMINARY HEARING; FEB.6, 2012 HEARING; JULY 31, 2013 HEARING; FEBRUARY 14, 2012 JUDGMENT ENTRY; JULY 31, 2013 JUDGMENT ENTRY; AUG. 21, 2013 CORRECTED CRIMINAL RULE 36 JUDGMENT ENTRY.)

## A.  STANDARD OF REVIEW

{¶11} "[A] court of appeals lacks jurisdiction to review [recusal] decisions." *Citizen of Hocking County v. Ohio Power Co.,* 4th Dist. Hocking No. 11CA24, 2012-Ohio-4985, ¶18, quoting *State ex rel. Hough v. Saffold,* 131 Ohio St.3d 54, 2012-Ohio-28, 960 N.E.2d 451, ¶2.  The Supreme Court of Ohio has explained that "only the Chief Justice or [the Chief Justice's] designee may hear disqualification matters[.]" *Ohio Power, supra,* quoting *Beer v. Griffith,* 54 Ohio St.2d 440, 441, 377 N.E.2d 775 (1978). Consequently, a "Court of Appeals [is]without authority to pass upon disqualification or to void the judgment of the trial court upon that basis. *Ohio  Power, supra,* quoting *Beer, supra*, at 441-442.

## B.  LEGAL ANALYSIS

{¶12} Under Appellant's first assignment of error, she contends that Judge Ater was not qualified to preside over the trial court proceedings because he had been a prosecutor in the case.  Appellant contends Judge Ater was required to disqualify himself.  However, neither Appellant nor her counsel raised any issue or any alleged impropriety with regard to Judge Ater's presiding over her case.  Nor was any affidavit of bias filed in the matter.  "A judge is presumed to follow the law and not to be biased, and the appearance of bias or prejudice must be compelling to overcome these

presumptions. *In re Disqualification of Batchelor,* 136 Ohio St.3d 1211,

2013-Ohio-2626, 991 N.E.2d 242, ¶9, citing *In re Disqualification of*

*George*, 100 Ohio St.3d 1241, 2003-Ohio-5489, 798 N.E.2d 23, ¶5.

{¶13} Appellant cites Jud.R. Cond.R.2.11(A)(7)(a) which

states:

> "(A) A judge shall disqualify himself or herself in any
> proceeding in which the judge's impartiality might reasonably
> be questioned, including but not limited to the following
> circumstances:
>
> (7)  The judge meets any of the following criteria:
>
> (a)  The judge served as a lawyer in the matter in controversy or
> was associated with a lawyer who participated substantially as a
> lawyer in the matter during such association…."

{¶14} Appellant contends the record establishes that Judge Ater

actively participated in her prosecution by signing the indictment, signing

the request warrant, and signing three subsequent praecipes when he was the

county prosecutor.  Appellant further points to three instances of impartiality

at or subsequent to the July 2013 violations hearing: (1) when the Judge

changed her two-year sentence to a three-year sentence without explanation;

(2) when he launched a "personal attack" on her before imposing sentence;

and (3) when he summarily denied her motion for bond pending resolution

of the appeal.  Appellant concludes that her sentence must be vacated and

the case remanded for a new sentencing hearing before a new judge.

{¶15} Due process affords appellant the right to a fair trial before an impartial tribunal. *State v. Sauer* 4th Dist. Pickaway No. 96CA14, 1997 WL 457470, at *1, citing *In re Murchinson,* 349 U.S. 133, 75 S.Ct. 623 (1955). In *Sauer,* the appellant argued he was denied his right to an impartial judge because the trial judge did not impartially consider appellant's mitigation evidence presented at a probation revocation hearing.  Sauer had pled guilty to multiple felony counts in 1991.  At the time of appellant's convictions, P. Randall Knece was serving as a prosecuting attorney.  By the time of appellant's probation revocation hearing in 1995, Prosecutor Knece had been elected to the common pleas court bench and presided over appellant's case. Appellant argued Judge Knece was not "neutral and detached" because of his prior service as county prosecutor.

{¶16} In *Sauer,* we noted that appellant failed to raise any due process concerns or object to any comments made by the trial judge during the revocation hearing .  As a result, Sauer effectively waived the right to challenge the judge's alleged impartiality.  *Sauer, supra* at *2, citing *State v. Henderson*, 62 Ohio App.3d 848, 853, 577 N.E.2d 710 (1st Dist.1989).  See, also, *Dressler Coal Co. v. Div. of Reclamation, Ohio Dept. of Natural Resources,* 5th Dist. Muskingum No. CA-85-35, 1986 WL 4773 (April 18, 1986).  We reviewed Sauer's arguments under a plain error

standard of review pursuant to Crim.R. 52(B) and found that no plain error occurred.

{¶17} More recently, in *Citizen of Hocking County v. Ohio Power Co., supra,* at ¶19, this court explained that "R.C. 2701.03 sets forth the procedure by which a party may seek disqualification. The statute requires the party seeking disqualification to file an affidavit of prejudice with the Ohio Supreme Court. This court, therefore, has no jurisdiction to pass upon this issue[.]" *State v. Ramos,* 88 Ohio App.3d 394, 398, 623 N.E.2d 1336 (9th Dist. 1993); see also, *Goddard v. Children's Hosp. Med. Ctr.,* 141 Ohio App.3d 647, 473, 751 N.E.2d 1062 (1st Dist. 2000).[1]

{¶18} In *Citizen of Hocking County v. Ohio Power Co., supra,* Melanie Ogle appealed the judgment of the Hocking County Court of Common Pleas which denied her motion to vacate judgment and demand for recusal. Ogle and Ohio Power Company had engaged in various legal disputes which arose when Ohio Power sought to construct a telecommunications tower near Ogle's property.[2] One of Ogle's arguments in the above-referenced appeal was that after the trial court judge, Judge Thomas Gerken, imposed sanctions against her, Attorney Charles Gerken,

---

[1] ("[T]he Goddards urge us to review the trial court's refusal to recuse itself from the case. We have no jurisdiction to do so. Only the Chief Justice of the Ohio Supreme Court, or any judge of that court designated by the Chief Justice, has jurisdiction to determine a common pleas disqualification.").

[2] The litigation between Ogle and Ohio Power has extended over several years and both parties have filed various appeals.

the trial judge's brother filed documents in the case on behalf of Ohio

Power.  Ogle contended the involvement of the trial judge's brother

demonstrated that the trial judge had a conflict of interest.  In the above-

referenced case, Ogle had filed a demand for recusal with the trial court.

{¶19}  In the case before us, we note Appellant did not raise any

objection at her pretrial hearing, during plea negotiations, nor at her

sentencing.  However, the real deficiency is that she did not seek recusal via

the proper avenue, by filing an affidavit of prejudice with the Supreme Court

of Ohio. As in the *Citizen of Hocking County v. Ohio Power Co.,* case, we

are without jurisdiction to address her argument that the trial judge erred by

failing to recuse himself.  As such, Appellant's first assignment of error is

dismissed.

> II. THE TRIAL COURT COMMITTED PLAIN ERROR
> WHEN IT IMPOSED A PRISON SENTENCE FOR A
> COMMUNITY CONTROL VIOLATION WITHOUT BEING
> AUTHORIZED TO DO SO BY THE FEBRUARY 2012
> JUDGMENT ENTRY.  THEREFORE, MS. BATTY'S
> PRISON SENTENCE SHOULD BE VACATED.  FIFTH
> AND FOURTEENTH AMENDMENTS TO THE UNITED
> STATES CONSTITUTION; SECTIONS 10 AND 16;
> ARTICLE I OF THE OHIO CONSTITUTION. (FEB. 6, 2012
> TR.3; FEB.14, 2012 JUDGMENT ENTRY; JULY 31, 2013
> JUDGMENT ENTRY.

A. STANDARD OF REVIEW

{¶20} In the past, this court has reviewed felony sentences under the two-step process set forth in *State v. Kalish,* 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶4; see, also, State v. *McClintock,* 4th Dist. Meigs No. 13CA4, 2013-Ohio-5598,¶4; *State v. Evans,* 4th Dist. Washington No. 11CA16, 2012-Ohio-850, ¶5; *State v. Moman,* 4th Dist. Adams No. 08CA876, 2009-Ohio-2510, ¶6. Pursuant to *Kalish,* an appellate court first determines whether the trial court complied with all applicable rules and statutes. *Kalish, supra*, at ¶4. If it did, the appellate court then reviews the sentence under the abuse of discretion standard. *Id; State v. Roach,* 4th Dist. Lawrence No. 11CA12, 2012-Ohio-1295, ¶4.

{21} However, a growing number of appellate districts have abandoned *Kalish's* second-step "'abuse of discretion" standard of review. *State v. Brewer,* 4th Dist. Meigs No. 14CA1, _____, ¶33.[3]

---

[3] Former R.C. 2953.08(G)(2) authorized a court of appeals to take any action if it clearly and convincingly found either of the following: (a) That the record did not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (E)(4) of section 2929.14, or division (H) of section 2929.20 of the Revised Code, whichever, if any, was relevant; and (b) That the sentence was otherwise contrary to law." *Kalish,* 896 N.E.2d 124, ¶ 10; 2004 Am. Sub. H.B. No. 473, 150 Ohio Laws, Part IV, 5814. *In State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, ¶99, the Supreme Court of Ohio declared certain provisions of the felony sentencing statutes unconstitutional. *Brewer, supra*, at ¶ 27. The Supreme Court held that insofar as former R.C. 2953.08(G) referred to the unconstitutional provisions, it no longer applied. Id.; *Foster*, supra at ¶99. Following *Foster,* appellate districts applied different standards of review in felony sentencing cases. *Brewer, supra,* at ¶ 28. In *Kalish*, the Supreme Court of Ohio attempted to resolve the conflicting standards, and a three-judge plurality held that based on the court's previous opinion in *Foster*, "appellate courts must apply a two-step approach when reviewing felony sentences." *Brewer, supra,* at ¶28, quoting *Kalish,* at ¶26. However, following *Kalish,* the United States Supreme Court decided *Oregon v. Ice,* 555 U.S. 160, 164, 129 S. Ct. 711 (2009), in which it held, contrary to *Foster,* that it is constitutionally permissible for states to require judges rather than juries to make findings of fact before imposing consecutive sentences. Then in *State v. Hodge,* 128 Ohio St. 3d 1, 2010-Ohio-6320, 941 N.E.2d 768, paragraphs two and three of the syllabus, the Supreme Court of Ohio then held that the sentencing provisions it ruled unconstitutional in *Foste*r remained invalid following *Ice*

When the General Assembly reenacted R.C. 2953.08(G)(2), it expressly stated that "[t]he appellate court's standard of review is not whether the sentencing court abused its discretion." *Id*. See generally *State v. White,* 1st Dist. Hamilton No. C-130114, 2013-Ohio-4225, ¶9 ("we cannot justify applying an abuse of discretion standard where the legislature has explicitly told us that the standard of review is not an abuse of discretion. Thus, henceforth, we will apply the statutory standard rather than the *Kalish* plurality framework to our review of felony sentences").[4] Pursuant to R.C. 2953.08(G)(2), an appellate court may increase, reduce, modify, or vacate and remand a challenged felony sentence if the court clearly and convincingly finds either that "the record does not support the sentencing court's findings" under the specified statutory provisions, or "the sentence is otherwise contrary to law." *Brewer, supra,* at ¶37.

---

unless the General Assembly enacted new legislation requiring the judicial findings. Thereafter, the General Assembly enacted 2011 Am.Sub. H.B. No. 86 ("H.B. 86"), which revised some of the judicial fact-finding requirements for sentences and reenacted the felony sentencing standard of review in R.C. 2953.08(G). *Brewer, supra,* at¶30.

[4] See, also, *State v. Scates*, 2d Dist. Clark No. 2013-CA-36, 2014-Ohio-418, ¶11 ("*Kalish's* two-step approach no longer applies to appellate review of felony sentences"); *State v. Tammerine,* 6th Dist. Lucas No. L-13-1081, 2014-Ohio-425, ¶10 ("Given recent legislative action in Ohio, culminating in the passage of a new statute directly addressing appellate court felony sentence review and a growing body of recent appellate cases applying the new statutory parameters, we are no longer utilizing the former *Kalish* approach"); *State v. Venes,* 2013-Ohio-1891, 992 N.E.2d453 (8th Dist.), ¶10 ("With the basis for the decision in *Kalish* no longer valid and given that *Kalish* had questionable precedential value in any event, we see no viable reasoning for continuing to apply the standard of review used in that case")' *State v. Ayers,* 10th Dist. Franklin No. 13AP-371, 2014-Ohio-276, ¶8, quoting *State v. Allen,* 10th Dist. Franklin No. 10AP-487, 2011-Ohio-1757, ¶21 (" 'since *Kalish*, this court has * * *only applied the contrary-to-law standard of review'"); *State v. Waggoner,* 12th Dist. Butler No. CA2013-27-027, 2013-Ohio-5204, ¶6, quoting *State v. Crawford*, 12th Dist. Clermont No. CA2012-12-088, 2013-Ohio-3315, ¶6 ("we recently stated that 'rather than continue to apply the two-step approach as provided by K*alish*' in reviewing felony sentencing, 'the standard of review set forth in R.C. 2953.08 (G)(2) shall govern all felony sentences.'").

## B. LEGAL ANALYSIS

**{¶22}** Appellant has not specifically brought her appeal under the provisions of R.C. 2953.08(G)(2). Appellant argues only that the trial court could not impose a prison sentence on her because the oral advisement did not adequately specify the term of incarceration that she faced. We therefore begin our analysis by determining, pursuant to R.C. 2953.08(G)(2), if we can find that her sentence is clearly and convincingly contrary to law. When a sentence fails to include a mandatory provision, such as the notification provision under R.C. 2929.19(B)(4), it may be appealed because such a sentence is "contrary to law" and is also not "authorized by law. *State v. Underwood,* 124 Ohio St.3d 365, 922 N.E.2d 293, ¶21.

**{23}** Under Ohio law, the trial court has three options for punishing offenders who violate community control sanctions. *McClintock, supra,* at ¶5. The court may: (1) lengthen the term of the community control sanction; (2) impose a more restrictive community control sanction; or (3) impose a prison term on the offender. *Id; State v. Guilkey,* 4th Dist. Scioto No. 04CA2932, 2005-Ohio-3501, ¶5; R.C. 2929.15(B)(1)(a)-(c). If the court elects to impose a prison sentence upon a violator of community control sanctions, it "shall be within the range of prison terms available for the offense for which the sanction that was violated was imposed and shall not

exceed the prison term specified in the notice provided to the offender at the

sentencing hearing pursuant to division (B)(2) of section 2929.10 of the

Revised Code."  R.C. 2929.15(B)(2).

{¶24} Currently, R.C. 2929.19(B)(4)  provides:

> "If the sentencing court determines at the sentencing hearing
> that a community control sanction should be imposed and the
> court is not prohibited from imposing a community control
> sanction, the court shall impose a community control sanction.
> The court shall notify the offender that, if the conditions of the
> sanction are violated, * * * the court may impose a longer time
> under the same sanction, may impose a more restrictive
> sanction, or may impose a prison term on the offender and shall
> indicate the specific prison term that may be imposed as a
> sanction for the violation, as selected by the court from the
> range of prison terms for the offense pursuant to section
> 2929.14 of the Revised Code."

{¶25} In *McClintock,* we discussed the decision of the Supreme Court

of Ohio in *State v. Brooks*, 103 Ohio St.3d 134, 2004-Ohio-4746, 814

N.E.2d 837.  There, the Court addressed the statutory notice requirements

under R.C. 2929.19(B)(5) and R.C. 2929.15.  The *Brooks* court examined

the elements of full compliance under R.C. 2929.19(B)(5).  *Brooks, supra*, at

¶12.  The first element examined was "time of notification" and the second

was "the exact language used in the notification." *Id*. at 13.  Construing the

above statutes, the *Brooks* court ultimately held that "a trial court sentencing

an offender to a community control sanction must, at the time of the

sentencing, notify the offender of the specific prison term that may be

imposed for a violation of the conditions of the sanction, as a prerequisite to imposing a prison term on the offender for a subsequent violation." *McClintock, supra*, at ¶8; *Brooks,* at paragraph two of the syllabus. The *Brooks* court reiterated the dominant purpose of current sentencing procedures is truth in sentencing, which aims to eliminate indefinite sentences in favor of specific terms, to increase certainty and predictability in sentencing. *Brooks, supra,* at 25; see, also, *Woods v. Telb,* 89 Ohio St.3d 504, 508, 733 N.E.2d 1103 (2000).[5]

{¶26} Appellant contends the trial court failed to notify her that she faced the possibility of a three-year sentence, and only notified her that she faced a twelve-month sentence. At Appellant's hearing on community control violations on February 6, 2012, the trial court advised: "Commit one more theft, one more theft while you are out, you're going to prison. And it's not just one year, I've got two years hanging on you for prison. That's twelve months on each…I'll run them consecutive. One more theft, you got it?" Appellant argues the court's advisement at the February 2012 violations hearing was insufficient as truth in sentencing required exact, precise notification that fully informed her she faced the three-year prison sentence she was given in July 2013.

---

[5] After *Brooks* was released, R.C. 2929.19 was amended without any relevant substantive changes, and R.C. 2929.19(B)(5) was moved to R.C. 2929.19(B0(4). *McClintock, supra*, at ¶7; *State v. Marshall,* 6th Dist. Erie No. E-12-022, 2013-Ohio-1481, ¶9.

{¶27} Appellee however, points out at the time of Appellant's original sentence, she was informed of the possible prison sanction she could face if she violated the terms and conditions of her community control. Specifically, at Appellant's original sentencing hearing on February 23, 2010, the trial court informed her if she violated any of the community control sanctions, she would be subject to a "more restrictive sanction, a longer duration under supervision or you could do twelve (12) months in prison on each charge." Appellee argues this language satisfies the notice requirements set forth by law, and is consistent with *Brooks.* Appellant was told specifically that she was subject to a twelve (12) month term of imprison on each count of which she was found guilty.[6]

{¶28} Both parties have directed our attention to *State v. Fraley,* 105 Ohio St.3d 13, 2004-Ohio-7110, 821 N.E.2d 995, wherein the Supreme Court of Ohio addressed the requirements of the sentencing court when there is a subsequent sentencing for a community control violation between the original sentencing and the eventual imposition of the prison sanction. In *Fraley*, the Court determined that when the offender is sentenced following a finding that he or she violated the terms and conditions of community

---

[6] The subsequent judgment entry of sentence filed March 21, 2010 advised Appellant that if the conditions of the community control were violated, the Court "may impose a specific prison term of twelve (12) months." Thus, the entry was deficient in that it did not state, as did the trial court at the original sentencing hearing, that Appellant was subject to a twelve (12) month term of imprisonment "as to each charge."

control, this is a new sentence which requires the same compliance as the

original sentencing.  The *Fraley* court held:

> "We therefore hold that pursuant to R.C. 2929.19(B)(5) and
> 2929.15(B), a trial court sentencing an offender upon a
> violation of the offender's community control sanction must, at
> the time of such sentencing, notify the offender of the specific
> prison terms that may be imposed for an additional violation of
> the conditions  the sanction, as a prerequisite to imposing a
> prison term on the offender for such a subsequent violation."
> The holding in *Fraley* arguably requires an offender to be notified at
> each violations hearing.

**{¶29}** We find the case at bar to contain some significant procedural

similarities to those in *State v. Oulhint,* 8th Dist. Cuyahoga No. 99296,

2013-Ohio-3250.  There, Oulhint was indicted for one count of grand theft.

In September 2011, he pleaded guilty.  The matter was continued for

presentence investigation.  In October 2011, Oulhint was sentenced to 18

months of community control with conditions.  The trial court advised

Oulhint if he violated the terms of his community control sanctions, he was

looking at the imposition of a prison term up to eighteen months.

**{¶30}** Oulhint violated his community control in January 2012.

However, the trial court decided to continue it with the same conditions.

Oulhint again violated the terms of community control and in November

2012, a hearing was conducted.  Oulhint was sentenced to eight months in

prison.

{¶31} On appeal, Oulhint argued the trial court erred by imposing a prison sentence for his violation of community control because the court failed to notify him at the first violation hearing or in the journal entry that he could be sentenced to a prison term if he continued to violate.  The appellate court noted Oulhint was properly advised at his original sentencing hearing, however, the entry from the first community control violation hearing did not appear to advise Oulhint that a prison term would be imposed if he continued to violate.  The appellate court found as follows:

> "[A]t Oulhint's original sentencing hearing and in the original sentencing entry, the trial court advised Oulhint that he could be sentenced to 18 months in jail if he violated the conditions of his community control.  Therefore, Oulhint was well aware that he could be sentenced up to 18 months in prison if he violated the conditions of his community control."

{¶32} The Eighth District Appellate Court noted that the cases on which Oulhint relied, as does Appellant here, *State v. Goforth,* 8th Dist. Cuyahoga No. 90653, 2008-Ohio 5596, and *State v. Fraley, supra,* were distinguishable.  The appellate court noted in both cases the trial court failed to advise the defendant at the original sentencing hearing regarding the specific prison term the court could impose.  However, in those cases, the courts held that no error occurred because the court advised the defendants at subsequent violation hearings the terms that could be imposed.  The

Eighth District Court, citing its decision in *State v. Hodge,* 8th Dist.

Cuyahoga No. 93245, 2010-Ohio-78, instructed:

> "We construe the holding of the Supreme Court in *Fraley* narrowly to mean that a trial court that fails to notify a defendant of the specific penalty he will face upon violation of community control sanctions at the initial sentencing, may "cure" that failure at a subsequent violation hearing by then advising the defendant of the definite term of imprisonment that may be imposed upon any subsequent finding of violation. We find nothing in the statute or *Fraley* that requires a legally adequate notification in the first instance to be given over and over again."

**{¶33}** We find the reasoning the appellate court in *Oulhint* to be

equally persuasive and applicable here. Appellant was properly notified at

the original sentencing hearing in February 2010 that if she violated the

terms of her community control sanction, she risked imposition of a twelve

(12) month prison term on each charge. That notification was legally

sufficient and the trial court was not required to notify her over and over

again.

**{¶34}** Furthermore, Appellant's argument that the judgment entry of

sentence from the original sentencing hearing (which we have already noted

was deficient) controls our determination herein, has no merit.[7]  The

---

[7] Appellant appears to raise the issue of the entry from the original sentencing hearing as an alternative argument. Her second assignment of error asserts only that the trial court committed plain error when it imposed sentence without being authorized to do so by the most recent Crim.R. 32(C) judgment entry. Crim.R. 32(C) provides that the judgment of conviction shall set forth the fact of conviction and the sentence.

transcript from the original sentencing hearing, specifically, the trial court's notification which was set forth above on page 3 under "Facts," makes clear that any discrepancy in the entry is clerical in nature.

{¶35} It is generally true that a trial court speaks only through its journal entries. *State v. Guilkey,* 4th Dist. Scioto No. 04CA9432, 2005-Ohio-3501, ¶10; *Wilkins v. Wilkins,* 116 Ohio App.3d 315, 318, 688 N.E.2d 27 (1996), citing *State v. King*, 70 Ohio St.3d 158, 162, 1994-Ohio-412, 637 N.E.2d 903. However, pursuant to *Brooks,* a trial court must inform a defendant at the sentencing hearing of the sentence to be imposed if he violates the community control sanctions. *Brooks, supra,* at 22. Provision of this information in the judgment entry is insufficient. *Id.* In *Guilkey*, the court noted that although it was trouble by erroneous language in the sentencing entry, it did not affect the validity of Guilkey's sentence. In this matter, Appellant was properly notified at the original sentencing hearing in 2010 and the omission in the 2010 sentencing entry does not affect the validity of Appellant's notification and sentence.

{¶36} Based on our analysis above, we find the trial court gave valid notice to Appellant at her original sentencing hearing that she faced a specific prison term if she violated her conditions of community control. We therefore find the trial court complied with all applicable rules and

statutes.  As such, we further find Appellant's sentence is not clearly and

convincingly contrary to law.  We hereby overrule Appellant's second

assignment of error and affirm the judgment of the trial court.

**JUDGMENT AFFIRMED.**

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT BE AFFIRMED and costs be assessed to Appellant.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court.  If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, P.J. and Harsha, J.: Concur in Judgment Only.

For the Court,


BY:  _____
Matthew W. McFarland

### **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**