[Cite as *Citizen of Hocking Cty. v. Ohio Power Co.*, 2012-Ohio-4985.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
HOCKING COUNTY

| | | |
|---|---|---|
| Citizen of Hocking County, | : | |
| | : | |
| Plaintiff-Appellant, | : | |
| | : | Case No. 11CA24 |
| v. | : | |
| | : | <u>DECISION AND</u> |
| Ohio Power Company, | : | <u>JUDGMENT ENTRY</u> |
| | : | |
| Defendant-Appellee. | : | Filed:  October 23, 2012 |

_____

<u>APPEARANCES:</u>

Melanie A. Ogle, Rockbridge, Ohio, *pro se* Appellant.

Brian L. Buzby and Daniel B. Miller, Porter, Wright, Morris & Arthur, LLP, Columbus, Ohio, for Appellee.

_____

Kline, J.:

**{¶1}**  Melanie Ogle[1] appeals the judgment of the Hocking County Court of Common Pleas, which denied her Motion to Vacate Judgment and Demand for Recusal.  In her motion to vacate, Ogle argued that the trial court erred when it dismissed her complaint on the grounds of res judicata.  We conclude that Ogle's motion to vacate constituted an improper substitute for a direct, timely appeal of the res-judicata issue.  Therefore, we do not reach the merits of Ogle's arguments.  Next, Ogle claims that the trial court erred when it failed to grant her motion for recusal.  Because we lack jurisdiction to review a trial court's decision on a motion for recusal, we cannot

---

[1] Melanie Ogle filed her complaint as "Citizen of Hocking County."  However, she has since indicated that she intended only to advance claims on her own behalf.  Consequently, we will refer to Melanie Ogle as "Ogle" rather than "Citizen of Hocking County."

consider Ogle's argument that the trial judge should have recused himself.  Accordingly, we dismiss this appeal.

I.

{¶2}   Ogle and Ohio Power Company (hereinafter "Ohio Power") have engaged in various legal disputes over the last several years.  Essentially, the dispute began when Ohio Power sought to construct a telecommunications tower near Ogle's property. *See Ogle v. Ohio Power Co.*, 180 Ohio App.3d 44, 2008-Ohio-7042, 903 N.E.2d 1284, ¶ 2 (4th Dist.2008).  Eventually, Ohio Power obtained an easement through Ogle's property.  *See Ohio Power Co. v. Ogle*, 4th Dist. Nos. 09CA1 & 09AP1, 2009-Ohio-5953, ¶¶ 3, 16.  Ohio Power claimed that Ogle (and her husband) interfered with Ohio Power's use of the easement.  *See Ohio Power Co. v. Ogle*, 4th Dist. Nos. 10CA13 & 10AP13, 2011-Ohio-3903, ¶ 4.  In August 2009, Ohio Power sought to have Ogle held in contempt of court for the alleged interference.  *See id.*

{¶3}   Also in August 2009, Ogle filed her complaint in this case.  In her complaint, Ogle alleged that Ohio Power had failed to obtain various permits necessary for the work Ohio Power was conducting near Ogle's property.  Ogle voluntarily dismissed the complaint in this case on August 10, 2009.  Ogle claims that she did so because her attorney informed her that the permit issue would be raised during the contempt proceedings.

{¶4}   Apparently, Ogle determined that the permit issues were not fully addressed in the contempt proceedings.  As a result, Ogle filed a "motion to reopen" this case on September 9, 2009.  The trial court granted Ogle's motion to reopen.  Ohio Power then moved for sanctions against Ogle under Civ.R. 11 and R.C. 2323.51.

{¶5}    On October 19, 2009, the trial court filed an entry dismissing Ogle's complaint.  The trial court ruled that Ogle's claims were barred under the doctrine of res judicata.  The trial court later imposed sanctions upon Ogle in an April 15, 2010 entry.

{¶6}    Several weeks after the trial court filed its April 15, 2010 entry, Attorney Charles Gerken (hereinafter "Attorney Gerken") requested a certificate of judgment on behalf of Ohio Power.  Attorney Gerken is the brother of the trial judge in this case, Judge Thomas Gerken (hereinafter "Judge Gerken").  (Attorney Gerken has apparently represented Ohio Power in other cases.)

{¶7}    Ogle appealed from the April 15, 2010 entry.  In that appeal, Ogle challenged the trial court's October 19, 2009 entry dismissing her complaint on res-judicata grounds as well as the imposition of sanctions in the April 15, 2010 entry.  Ohio Power moved to dismiss Ogle's appeal with respect to her res-judicata arguments.  Ohio Power argued that Ogle did not timely appeal the October 19, 2009 entry.  We granted Ohio Power's motion to dismiss Ogle's appeal with respect to her res-judicata arguments.  Ogle later moved to voluntarily dismiss the remainder of her appeal, and we granted Ogle's motion.

{¶8}    On October 14, 2010, Ogle filed a "Motion to Vacate Judgment and Demand for Recusal."  In her motion, Ogle argued that the trial court should vacate its October 19, 2009 entry because res judicata did not warrant dismissal of her complaint.  Ogle also argued that Judge Gerken should recuse himself based on an alleged conflict of interest caused by the involvement of Attorney Gerken.

{¶9} The trial court did not rule on Ogle's motion while her appeal from the April 15, 2010 entry was pending before us. On June 27, 2011, after we granted Ogle's motion to dismiss her appeal, the trial court denied Ogle's motion to vacate.

{¶10} Ogle appeals and asserts the following assignments of error: I. "THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO VACATE ITS OCTOBER 19, 2009 ENTRY TO THE APPELLANTS' [sic] PREJUDICE." And II. "THE TRIAL COURT ERRED FOR TRIAL JUDGE'S FAILURE TO RECUSE HIMSELF TO THE APPELLANT'S PREJUDICE."

II.

{¶11} In her first assignment of error, Ogle argues that the trial court erred when it denied her Civ.R. 60(B) motion to vacate the trial court's October 19, 2009 entry. As stated above, the October 19, 2009 entry dismissed Ogle's claims on the grounds of res judicata. Ogle argues that the trial court should have granted her motion to vacate because the requirements of res judicata were not satisfied.

{¶12} Civ.R. 60(B) provides:

On motion and upon such terms as are just, the court

may relieve a party or his legal representative from a

final judgment, order or proceeding for the following

reasons: (1) mistake, inadvertence, surprise or

excusable neglect; (2) newly discovered evidence

which by due diligence could not have been

discovered in time to move for a new trial under Rule

59(B); (3) fraud (whether heretofore denominated

intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken.  A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation.

**{¶13}**  The movant must demonstrate the following in order to prevail on a motion under Civ.R. 60(B): "(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus.

**{¶14}**  For the following reasons, we will not address Ogle's res-judicata arguments.  Civ.R. 60(B) cannot be used as a substitute for a direct, timely appeal.  *See*

*Doe v. Trumbull Cty. Children Servs. Bd.*, 28 Ohio St.3d 128, 502 N.E.2d 605 (1986), paragraph two of the syllabus; *Newell v. White*, 4th Dist. No. 05CA27, 2006-Ohio-637, ¶ 15. "If a party raises the same question in a Civ.R. 60(B) motion as [she] could have raised on a direct appeal, [that party] could get an indirect extension of time for appeal by appealing the denial of the Civ.R. 60(B) motion." *Id.*, citing *Parke-Chapley Constr. Co. v. Cherrington*, 865 F.2d 907, 915 (7th Cir.1989). Thus, "[w]hen a Civ.R. 60(B) motion is used as a substitute for a timely appeal, and when the denial of that motion is subsequently appealed, the proper response is the dismissal of the appeal." *Garrett v. Gortz*, 8th Dist. No. 90625, 2008-Ohio-4369, ¶ 14, citing *State ex rel. Richard v. Cuyahoga Cty. Commrs.*, 89 Ohio St.3d 205, 729 N.E.2d 755 (2000); *accord Elliott v. Smead Mfg. Co.*, 4th Dist. Nos. 08CA13 & 08AP13, 2009-Ohio-3754, ¶ 12-13.

{¶15}  In her Civ.R. 60(B) motion to vacate, Ogle argued that the trial court erred when it determined that res judicata barred her claims. Ogle should have raised this argument in a direct, timely appeal of the trial court's October 19, 2009 entry. *See generally Newell* at 14 ("[I]t *is the function of the appellate court to correct legal errors committed by the trial court.*") (Emphasis sic.). And because Civ.R. 60(B) cannot be used as a substitute for a direct appeal, we must dismiss the portion of Ogle's appeal that deals with her motion to vacate. *See Garrett* at ¶ 14.

{¶16}  Accordingly, we dismiss Ogle's appeal with respect to her first assignment of error.

III.

{¶17}  In her second assignment of error, Ogle argues that the trial court erred when it failed to grant her motion for recusal. The basis of Ogle's argument is that after

the trial court imposed sanctions against her, Attorney Gerken, the trial judge's brother, filed documents in the case on behalf of Ohio Power. Ogle asserts that the presence of the trial judge's brother demonstrates that the trial judge has a conflict of interest.

{¶18} Initially, we note that "a court of appeals lacks jurisdiction to review [recusal] decisions." *State ex rel. Hough v. Saffold*, 131 Ohio St.3d 54, 2012-Ohio-28, 960 N.E.2d 451, ¶ 2. The Supreme Court of Ohio has explained that "only the Chief Justice or [the Chief Justice's] designee may hear disqualification matters[.]" *Beer v. Griffith*, 54 Ohio St.2d 440, 441, 377 N.E.2d 775 (1978). Consequently, a "Court of Appeals [is] without authority to pass upon disqualification or to void the judgment of the trial court upon that basis." *Id.* at 441-442.

{¶19} Moreover, "R.C. 2701.03 sets forth the procedure by which a party may seek disqualification. The statute requires the party seeking disqualification to file an affidavit of prejudice with the Ohio Supreme Court. This court, therefore, has no jurisdiction to pass upon this issue[.]" *State v. Ramos*, 88 Ohio App.3d 394, 398, 623 N.E.2d 1336 (9th Dist.1993); *see also Goddard v. Children's Hosp. Med. Ctr.*, 141 Ohio App.3d 467, 473, 751 N.E.2d 1062 (1st Dist.2000) ("[T]he Goddards urge us to review the trial court's refusal to recuse itself from the case. We have no jurisdiction to do so. Only the Chief Justice of the Ohio Supreme Court, or any judge of that court designated by the Chief Justice, has jurisdiction to determine a common pleas disqualification.").

{¶20} Thus, we lack jurisdiction to consider Ogle's argument that the trial court erred when it failed to grant her motion for recusal. Having determined that we cannot address the merits of Ogle's arguments in both of her assignments of error, we hereby dismiss Ogle's appeal.

**APPEAL DISMISSED.**

## **JUDGMENT ENTRY**

It is ordered that the APPEAL BE DISMISSED. Appellant shall pay the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Hocking County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.

Harsha, J. and McFarland, J.: Concur in Judgment & Opinion.


For the Court


BY:_____
      Roger L. Kline, Judge



### **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**