[Cite as *State v. Gregory*, 2016-Ohio-7940.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
GALLIA COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | : | |
| Plaintiff-Appellee, | : | Case No. 16CA3 |
| | : | |
| vs. | : | |
| | : | DECISION AND JUDGMENT |
| FORREST S. GREGORY, | : | ENTRY |
| | : | |
| Defendant-Appellant. | : | **Released: 11/22/16** |

_____
APPEARANCES:

Timothy P. Gleeson, Gleeson Law Office, Logan, Ohio, for Appellant.

Adam R. Salisbury, Gallipolis City Solicitor, Gallipolis, Ohio, for Appellee.
_____

McFarland, J.

{¶1} Forest S. Gregory appeals the judgment of the Gallipolis Municipal Court entered on March 24, 2016. On appeal, Appellant contends the trial court committed structural error when an assistant prosecuting attorney for Gallia County Common Pleas Court served as judge by appointment in Appellant's case in the Gallipolis Municipal Court. However, based on our review of the matter and longstanding legal precedent, we find we are without jurisdiction to address Appellant's argument herein. Accordingly, the appeal is dismissed.

FACTS

{¶2} After a single vehicle accident on October 27, 2015, Appellant was charged with a violation of R.C. 4511.19(A)(1(a), 4511.19(A)(2), "OVI," and other traffic infractions, including failure to control, in the Gallipolis Municipal Court on March 24, 2016. He was convicted after a bench trial. The issue at trial was whether or not Appellant was operating the motor vehicle when it crashed. The State presented the testimony of two Ohio State Highway Patrol Troopers who investigated the crash. The troopers testified Appellant first told them his friend "Dave" operated the vehicle, but later stated "Chuck" operated it. They found no evidence that anyone besides Appellant operated the vehicle.

{¶3} Appellant also testified on his own behalf. Appellant admitted intoxication but maintained he was a passenger in the vehicle. He testified his friend Charles Moore, who resides in Florida and did not return for trial, was actually operating the vehicle but left the scene.

{¶4} Appellant's bench trial in the Gallipolis Municipal Court was presided over by Attorney Eric R. Mulford, judge by appointment. At the time of trial, Attorney Mulford was also employed as an assistant prosecuting attorney in the Gallia County Prosecuting Attorney's Office.

After being convicted, Appellant was sentenced to a fine, court costs, jail, and intensive probation until March 2018.  This timely appeal followed.

ASSIGNMENT OF ERROR

"I. AN ASSISTANT PROSECUTING ATTORNEY FOR THE GALLIA COUNTY PROSECUTING ATTORNEY'S OFFICE SERVING AS A JUDGE BY APPOINTMENT IN THE TRIAL COURT FOR A CASE PROSECUTED BY THE STATE OF OHIO IS STRUCTURAL ERROR IN VIOLATION OF THE CONSTITUTIONAL RIGHT TO DUE PROCESS."

A. STANDARD OF REVIEW

{¶5} This Court lacks jurisdiction to consider the trial judge's failure to recuse himself. *State v. Minton*, -- N.E.3d --, 2016-Ohio-5427, ¶ 84. *See State v. Batty,* 2014-Ohio-2826, 15 N.E.3d 347, ¶ 11 (4th Dist.), quoting *Citizen of Hocking Cty. v. Ohio Power Co.,* 4th Dist. Hocking No. 11CA24, 2012-Ohio-4985, ¶ 18 (" '[A] court of appeals lacks jurisdiction to review [recusal] decisions.' ").  "The Supreme Court of Ohio has explained that 'only the Chief Justice or [the Chief Justice's] designee may hear disqualification matters[.]' " *Id.*, quoting *Ohio Power* at ¶ 18, quoting *Beer v. Griffith,* 54 Ohio St.2d 440, 441, 377 N.E.2d 775 (1978). " 'Consequently, a "Court of Appeals [is] without authority to pass upon disqualification or to void the judgment of the trial court upon that basis." ' " *Id.,* quoting *Ohio Power* at ¶ 18, quoting *Beer* at 441-442, 377 N.E.2d 775.

## B. LEGAL ANALYSIS

**{¶6}** Appellant argues that an assistant prosecuting attorney for the Gallia County Prosecuting Attorney's Office is a legal representative of and advocate for the State of Ohio. As such, the assistant prosecuting attorney cannot possibly serve as an impartial judge in a prosecution brought by the State of Ohio in Gallia County, Ohio. Appellant concludes this is structural error which requires reversal.

**{¶7}** The State of Ohio responds that there are no facts in the instant matter which support the conclusion that Eric R. Mulford, judge by appointment, must have recused himself from the case. The State points out no facts exist to suggest that Mulford was familiar with the defendant or the particular facts of the case; that Mulford was a potential witness in the case; that Mulford's remuneration from the County or State was dependent upon the outcome of the case; and that Mulford owed any duty to Appellant as a former client. The State concludes no extreme bias was shown which required Judge Mulford's recusal.

**{¶8}** Our decision herein is controlled by R.C. 2701.031, which provides as follows:

> "If a judge of a municipal or county court allegedly is interested in a proceeding pending before the judge, allegedly is related to or has a bias or prejudice for or against a party to a proceeding pending before the judge or to a party's counsel, or allegedly

otherwise is disqualified to preside in a proceeding pending before the judge, any party to the proceeding or the party's counsel may file an affidavit of disqualification with the clerk of the supreme court. The affidavit of disqualification shall be filed and decided in accordance with divisions (B) to (E) of section 2701.03 of the Revised Code, and, upon the filing of the affidavit, the provisions of those divisions apply to the affidavit, the proceeding, the judge, and the parties to the proceeding."

{¶9} The appellant in *State v. Batty*, 15 N.E.3d 347, 2014-Ohio-2826 (4th Dist.), argued that the judge in her case should have recused himself because he had earlier been a prosecutor in her case before becoming common pleas judge. Specifically, the trial judge, as former prosecutor, had signed the indictment in her case, requested a warrant, signed praecipes, and his name was contained on the county prosecutor's office letterhead. However, in *Batty* and *Ohio Power*, and more recently in *Minton,* we explained that: "R.C. 2701.03 sets forth the procedure by which a party may seek disqualification. The statute requires the party seeking disqualification to file an affidavit of prejudice with the Ohio Supreme Court. This court, therefore, has no jurisdiction to pass upon this issue[.]" *Ohio Power* at ¶ 19; *Batty* at ¶ 17, quoting *Ohio Power*; *Minton,* at ¶ 85.

{¶10} Here, R.C. 2701.031 sets forth the proper procedure to seek recusal of the municipal court judge by appointment who presided over Appellant's traffic cases prosecuted by the City of Gallipolis. As in *Minton, supra,* Appellant did not seek recusal via the proper avenue—i.e., by filing

an affidavit of prejudice with the Supreme Court of Ohio. Thus, as in the previous Fourth District cases cited, we are without jurisdiction to address his argument that the trial judge erred by failing to recuse or disqualify himself. Accordingly, Appellant's sole assignment of error is dismissed.

**APPEAL DISMISSED.**

Harsha, J., concurring:

{¶11} I agree that courts of appeals generally lack jurisdiction to disqualify a trial court judge based on claims of judicial bias. Gregory here asserts that the trial judge's service as a judge at the same time that he served as an assistant prosecuting attorney in other criminal cases constituted a structural error violating his constitutional right to due process because the judge was biased and not impartial.

{¶12} " 'It is well settled that a criminal trial before a biased judge is fundamentally unfair and denies a defendant due process of law.' " *State v. Jackson*, 141 Ohio St.3d 171, 2014-Ohio-3707, 23 N.E.3d 1023, ¶ 78, quoting *State v. LaMar*, 95 Ohio St.3d 181, 2002-Ohio-2128, 767 N.E.2d 166, ¶ 34. Appellate courts, including the Supreme Court of Ohio, have on occasion routinely address the merits of these judicial-bias claims on direct appeal notwithstanding the provision of R.C. 2701.03 vesting the Chief Justice of the Supreme Court of the chief's designee with exclusive jurisdiction to resolve issues concerning the disqualification of trial court judges. *See Jackson*; *State v. Dennison*, 10th Dist. Franklin No. 12AP-718, 2013-Ohio-5535, ¶ 45-50; *State v. Pierce*, 11th Dist. Geauga No. 2012-G-3103, ¶ 8-17; *see also State v. Wilson*, 3d Dist. Allen No. 1-09-53, 2010-Ohio-2947, fn. 3, citing *Tumey v. Ohio*, 372 U.S. 510, 47 S.Ct. 437, 71

L.Ed.2d 749 (1927) ("the United States Supreme Court has found structural errors warranting reversal * * * where the trial judge was biased").

{¶13} This also appears to be consistent with the approach taken by the Second District Court of Appeals. In *State v. McCain*, 2d Dist. Montgomery No. 26356, 2015-Ohio-449, the appellate court indicated at ¶ 14:

> As a preliminary matter, we note that '[i]ntermediate appellate courts, such as this one, have no jurisdiction to disqualify a judge based on claims of bias; such claims must be brought to the Chief Justice of the Ohio Supreme Court.' *Janis v. Janis*, 2d Dist. Montgomery No. 23898, 2011-Ohio-3731, ¶ 94, citing *Beer v. Griffith*, 54 Ohio St.2d 440, 441-442, 377 N.E.2d 775 (1978). *However, appellate courts may review the issue of judicial bias as a grounds for reversal on appeal. See State v. LaMar*, 95 Ohio St.3d 181, 2002-Ohio-2128, 767 N.E.2d 166, ¶ 34-35.

(Emphasis added.) *See also State v. Power*, 7th Dist. Columbiana No. 12 CO 14, 2013-Ohio-4254, ¶ 22 (holding that biased comments at a sentencing hearing can be reviewed on appeal for due process violations).

{¶14} In contrast to situations that arise during trial, the Supreme Court has also emphatically held that a defendant who could have raised a judicial bias claim in a timely affidavit of disqualification under R.C. 2701.03 to the Chief Justice, but failed to do so, is " ' "foreclosed from bringing such a complaint," ' " on appeal. *State v. Dean*, 146 Ohio St.3d 106, 2015-Ohio-4347, 54 N.E.3d 80, ¶ 223, quoting *State v. Osie*, 140 Ohio

St.3d 131, 2014-Ohio-2966, 16 N.E.3d 588, ¶ 65, quoting *State v. Moore*, 93

Ohio St.3d 649, 650, 758 N.E.2d 1130 (2001).

{¶15} Gregory is complaining about purported judicial bias that he

was either aware of or should have been aware of before trial.  Therefore,

based on *Dean*, *Osie*, and *Moore* and although this area of the law remains

somewhat murky, Gregory is barred from raising his claim on appeal.

Consequently, I concur in the dismissal of his appeal for lack of jurisdiction

because we are not authorized to pass on his judicial-bias claim.  *See Viars*

*v. Ironton*, 4th Dist. Lawrence No. 16CA8, 2016-Ohio-4912, ¶ 5, 57, 60.

{¶16} But nothing in my opinion should be construed to preclude our

review on appeal of claims of judicial bias that arise during a trial.

## JUDGMENT ENTRY

It is ordered that the APPEAL BE DISMISSED and costs be assessed to Appellant.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Gallipolis Municipal Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Hoover, J.:   Concurs in Judgment and Opinion.
Harsha, J.:   Concurs with Concurring Opinion.

For the Court,

BY:   _____
Matthew W. McFarland, Judge

## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**