[Cite as *Beem v. Newark Advocate*, 2017-Ohio-8174.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| KIMBERLY R. BEEM | JUDGES: |
| | Hon. Patricia A. Delaney, P. J. |
| Plaintiff-Appellant | Hon. W. Scott Gwin, J. |
| | Hon. John W. Wise, J. |
| -vs- | |
| | Case No. 17 CA 00030 |
| NEWARK ADVOCATE, et al. | |
| | |
| Defendants-Appellees | O P I N I O N |

CHARACTER OF PROCEEDING:       Civil Appeal from the Court of Common
                               Pleas, Case No.  16 CV 00146

JUDGMENT:                      Affirmed

DATE OF JUDGMENT ENTRY:        October 10, 2017

APPEARANCES:

For Plaintiff-Appellant                 For Defendants-Appellees Gannett,
                                        Advocate, Shearer and Bruner

KIMBERLY R. BEEM
PRO SE                                  RICHARD D. PANZA
Post Office Bos 663                     WILLIAM F. KOLIS, JR.
Johnstown, Ohio  43031-0663            WICKENS, HERZER, PANZA,
                                        COOK & BATISTA
For Defendants-Appellees WCLT,          35765 Chester Road
Pricer and Allen                        Avon, Ohio  44011-1262

MICHAEL K. FARRELL
DANIEL K. KAVOURAS
BAKER & HOSTETLER
127 Public Square, Sutie 200
Cleveland, Ohio  44114-1214

*Wise, J.*

**{¶1}** Plaintiff-Appellant Kimberly R. Beem appeals the July 15, 2016, September 7, 2016, and April 12, 2017, decisions of the Licking County Court of Common Pleas granting summary judgment in favor of Appellees on her Complaint alleging defamation.

STATEMENT OF THE CASE AND FACTS

**{¶2}** The relevant facts and procedural history are as follows.

**{¶3}** On January 23, 2015, Appellant Kimberly Beem was charged with six counts of telecommunications harassment in violation of R.C. §2917.21, each involving a single count of telecommunications harassment of an unidentified victim. An investigative report from the Ohio Attorney General's Bureau of Criminal Investigation also filed a report with the Licking County Municipal Court on January 23, 2015, further detailing the alleged harassment. Specifically, the report describes harassing communications directed to, among others, Sheriff Randy Thorp and former state representative Gerald "Jerry" Stebelton.

**{¶4}** On or about January 26, 2015, Defendant-Appellee The Advocate published in its newspaper (both in print and online) an article authored by Defendant-Appellee Bethany Bruner. The article was first posted on The Advocate's website on Wednesday, January 28, 2015. On Thursday, January 29, 2015, The Advocate published the same article in its newspaper. The text of the articles, both online and in the hardcopy of the newspaper, are identical. The articles read in pertinent part as follows:

> A former Licking County resident has been charged with harassing
> Licking County Sheriff Randy Thorp and former state Rep. Gerald
> Stebelton, among others. Kimberly Beem, of New Albany, was charged with

six first degree misdemeanor counts of telecommunications harassment Friday in Licking County Municipal Court. In 2010, Sheriff deputies responded to a reported Beem family dispute in the Pataskala area. Since that time, Beem has alleged she is the victim of a conspiracy among Thorp, Licking County Prosecutor Ken Oswalt, county commissioners and other public officials.

According to court records, Beem is accused of sending numerous emails to three family members, Thorp, Stebelton and another lawyer in Stebelton's firm. Stebelton handled a trust made by a family member, according to the court documents. The emails were reportedly sent between April and Nov. 30, 2014. A family member asked, through an attorney, that Beem no longer contact her, but communications continued.

* * *

The Ohio Bureau of Criminal Investigation began looking into emails April 5.

***

**{¶5}** On or about January 26, 2015, Defendant-Appellee posted a comment on FaceBook to the Newark Advocate article, stating "Well just think she won't have to send emails anymore she can just yell from her cell if she wants to talk to Randy … LOL."

**{¶6}** On or about January 29, 2015, WCLT broadcast a two-sentence news report stating that Beem had been charged with "misdemeanors of telecommunications harassment."  WCLT's report also named the two public officials as victims of Beem's

harassment -Randy Thorp and Gerald Stebelton - both of whom had been identified as victims in the BCI's investigative report.

{¶7}    After the broadcast aired, however, WCLT learned that the unnamed victims associated with the criminal complaints against Beem did not include Mr. Thorp or Mr. Stebelton.  The following day WCLT broadcast a correction stating that although Beem's communications with Mr. Thorp and Mr. Stebelton were part of the criminal investigation into her conduct, the six charges for telecommunications harassment related to her harassment of other victims.

{¶8}    Appellant Beem was later convicted on five of the six counts and sentenced to 90 days in jail, with 80 suspended, two years probation and a $250 fine. This Court subsequently upheld Appellant's conviction and denied her motion for reconsideration. *See State v. Beem,* 5th Dist. Licking No. 2015-CA-00076, 2015-0hio-5587.

{¶9}    On January 22, 2016, Appellant Beem filed a Complaint against WCLT, the *Newark Advocate,* Michael Shearer, Bethany Bruner, Gannett Co., Inc. and James Posey. The Complaint asserted a single claim for defamation based upon the misidentification of the specific victims of her harassment against WCLT, a similar defamation claim against the *Newark Advocate,* Michael Shearer, Bethany Bruner, Gannett Co., Inc. (the Advocate defendants) and a defamation claim against James Posey for an online comment he posted to the *Advocate's* story.

{¶10}  On May 5, 2016, the *Newark Advocate,* Michael Shearer, Bethany Bruner, and Gannett Co., Inc. filed a motion for summary judgment as to Beem's defamation claim.

**{¶11}** On July 15, 2016, the trial court granted summary judgment in favor of Defendants-Appellees the Newark Advocate, Gannett Co., Bethany Bruner and Michael Shearer.

**{¶12}** On August 5, 2016, Defendants-Appellees WCLT Radio, Douglas Pricer and Jarrod filed a motion for summary judgment on Beem's defamation claim.

**{¶13}** On September 7, 2016, the trial court granted summary judgment in favor of WCLT Radio, Douglas Pricer and Jarrod Allen on Beem's defamation claim.

**{¶14}** On March 20, 2017, Defendant-Appellee James Posey filed a motion for summary judgment on Beem's defamation claim.

**{¶15}** On April 12, 2017, the trial court granted Defendant-Appellee James Posey's motion for summary judgment on Beem's defamation claim.

**{¶16}** Appellant now appeals, assigning the following errors for review:

ASSIGNMENTS OF ERROR

**{¶17}** Beem's appellate brief does not comply with App.R. 16(A)(3). Beem fails to provide a statement of the assignments of error presented for review, with reference to the place in the record where each error is reflected. Beem raises three arguments in the body of her appellate brief entitled: "First Error – Failure to Recuse", "Second Error – Multiple Perjuries", and "Third Error – Absurd Dismissal."

**{¶18}** Compliance with the appellate rule is mandatory. Beem's failure to comply with App.R. 16 is tantamount to failing to file a brief in this matter. Such deficiencies permit this Court to dismiss Beem's appeal. Notwithstanding the omissions in her brief, in the interests of justice and finality, we elect to review the appeal. *Erdman v. Williams*, 5th Dist. Tuscarawas No. 2012 AP 08 0054, 2013-Ohio-980, ¶ 9.

## I. Failure to Recuse

{¶19} In her First Assignment of Error, Appellant argues that the trial judge erred in not recusing himself. We disagree.

{¶20} The proper procedure in seeking recusal is to invoke R.C. §2701.03(A), which states the following:

> If a judge of the court of common pleas allegedly is interested in a
> proceeding pending before the court, allegedly is related to or has a bias or
> prejudice for or against a party to a proceeding pending before the court or
> a party's counsel, or allegedly otherwise is disqualified to preside in a
> proceeding pending before the court, any party to the proceeding or the
> party's counsel may file an affidavit of disqualification with the clerk of the
> supreme court in accordance with division (B) of this section.

{¶21} The record is unclear whether Beem filed the required affidavit of disqualification with the clerk of the Supreme Court.

{¶22} This Court lacks jurisdiction to consider the trial judge's failure to recuse himself. *State v. Gregory*, 4th Dist. Gallia No. 16CA3, 2016-Ohio-7940, ¶ 5 citing *State v. Minton*, 69 N.E.3d 1108 2016–Ohio–5427, ¶ 84. *See State v. Batty*, 2014–Ohio–2826, 15 N.E.3d 347, ¶ 11 (4th Dist.), quoting *Citizen of Hocking Cty. v. Ohio Power Co.*, 4th Dist. Hocking No. 11CA24, 2012–Ohio–4985, ¶ 18 (" '[A] court of appeals lacks jurisdiction to review [recusal] decisions.' "). "The Supreme Court of Ohio has explained that 'only the Chief Justice or [the Chief Justice's] designee may hear disqualification matters[.]' " *Id.*, quoting *Ohio Power* at ¶ 18, quoting *Beer v. Griffith*, 54 Ohio St.2d 440, 441, 377 N.E.2d 775 (1978). " 'Consequently, a "Court of Appeals [is] without authority to pass upon

disqualification or to void the judgment of the trial court upon that basis." ' " *Id.*, quoting *Ohio Power* at ¶ 18, quoting *Beer* at 441–442, 377 N.E.2d 775.

**{¶23}** Based on our lack of jurisdiction to consider this issue, Beem's first Assignment of Error is overruled.

## II. Multiple Perjuries

**{¶24}** In her Second Assignment of Error, Appellant claims that Appellees Bethany Bruner, Christopher Kinsler, Jonathan Jenkins and James Posey committed perjury.

**{¶25}** Upon review, we find that Appellant has failed to make any legal argument or provide any evidence in support of her claims. Her claims consist of conclusory statements and unsupported allegations. Unsupported conclusions of a complaint are not considered admitted and are not sufficient to withstand a motion to dismiss. *Phelps v. Office of the Attorney General*, 10th Dist. Franklin No. 06AP–751, 2007–Ohio–14, ¶ 4 citing *State ex rel. Seikbert v. Wilkinson*, 69 Ohio St.3d 489, 490, 1994–Ohio–39, 633 N.E.2d 1128.

**{¶26}** We therefore find Appellant's Second Assignment of Error not well-taken and overrule same.

## III. Absurd Dismissal

**{¶27}** In her Third and final Assignment of Error, Appellant argues that the trial court erred in granting summary judgment in favor of Appellees. We disagree.

### Standard of Review

**{¶28}** Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. *Smiddy v.*

*The Wedding Party, Inc.,* 30 Ohio St.3d 35, 36, 506 N.E.2d 212, (1987). As such, we must

refer to Civ.R. 56(C) which provides, in pertinent part:

> Summary judgment shall be rendered forthwith if the pleading,
>
> depositions, answers to interrogatories, written admissions, affidavits,
>
> transcripts of evidence in the pending case and written stipulations of fact,
>
> if any, timely filed in the action, show that there is no genuine issue as to
>
> any material fact and that the moving party is entitled to judgment as a
>
> matter of law. * * * A summary judgment shall not be rendered unless it
>
> appears from such evidence or stipulation and only from the evidence or
>
> stipulation, that reasonable minds can come to but one conclusion and that
>
> conclusion is adverse to the party against whom the motion for summary
>
> judgment is made, such party being entitled to have the evidence or
>
> stipulation construed most strongly in the party's favor.

**{¶29}** Pursuant to the above rule, a trial court may not enter summary judgment if

it appears a material fact is genuinely disputed. *Vahila v. Hall,* 77 Ohio St.3d 421, 429,

1997–Ohio–259, 674 N.E.2d 1164, citing *Dresher v. Burt,* 75 Ohio St.3d 280, 662 N.E.2d

264, (1996).

**{¶30}** It is subject to this standard of review that we address appellant's

assignments of error.

### *Defamation Claim*

**{¶31}** In order to establish actionable defamation, a plaintiff must prove: (1) a false

statement of fact was made about the plaintiff; (2) the statement was defamatory; (3) the

statement was published; (4) the plaintiff suffered injury as a proximate result of the

publication; and (5) the defendant acted with the requisite degree of fault in publishing the statement. *Jamison v. Galena*, 5th Dist. Delaware No. 15 CAE 01 007, 2015–Ohio–2845.

**{¶32}** Upon review, we find that Appellant has again failed to make any legal argument or submit any substantiating evidence that can support her third assignment of error. Appellant has failed to provide any explanation concerning the legal reasons or evidence in support of her argument that the trial court's granting of summary judgment in favor of the Appellees in this matter is "absurd".

**{¶33}** "If an argument exists that can support [an] assignment of error, it is not the court's duty to root it out." *Thomas v. Harmon,* 4th Dist. No. 08CA17, 2009–Ohio–3299, ¶ 14, quoting *State v. Carman,* 8th Dist. No. 90512, 2008–Ohio–4368, ¶ 31. "It is not the function of this court to construct a foundation for [an appellant's] claims; failure to comply with the rules governing practice in the appellate courts is a tactic which is ordinarily fatal." *Catanzarite v. Bowell,* 9th Dist. No. 24184, 2009–Ohio–1211, ¶ 16, quoting *Kramer v. Cox,* 114 Ohio App.3d 41, 60, 682 N.E.2d 1006 (9th Dist.1996). We may thus disregard an assignment of error that "fails to present any citations to case law or statutes in support of its assertions." *Frye v. Holzer Clinic, Inc.,* 4th Dist. No. 07CA4, 2008–Ohio–2194, ¶ 12. See also, App.R. 16(A) and App. R. 12(A)(2)

{¶34}  Accordingly, Appellant's Third Assignment of Error is overruled.

{¶35}  For the foregoing reasons, the judgment of the Court of Common Pleas of Licking County, Ohio, is affirmed.


By: Wise, J.

Delaney, P. J., and

Gwin, J., concur.


JWW/d 0919