[Cite as *Durst v. Nutter*, 2021-Ohio-710.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
MEIGS COUNTY

| | | |
|---|---|---|
| CHARLOTTE DURST, | : | |
| | : | Case No. 20CA5 |
| Plaintiff-Appellant, | : | |
| | : | |
| v. | : | <u>DECISION AND JUDGMENT</u> |
| | : | <u>ENTRY</u> |
| RIKI M. NUTTER, et al., | : | |
| | : | **RELEASED: 03/04/2021** |
| Defendants-Appellees. | : | |

_____

<u>APPEARANCES:</u>

William B. Summers, Parkersburg, West Virginia, for Appellant.

Adam R. Salisbury, Pomeroy, Ohio, for Appellee.

_____

Wilkin, J.

{¶1} This is an appeal of a Meigs County Court of Common Pleas judgment that denied Appellant's Civ.R. 60 motion to set aside the trial court's judgment entry of settlement. Appellant asserts a single assignment of error: the trial court committed reversible error in not granting her Civ.R. 60 motion based on evidence presented in correspondence between counsel. After reviewing the pertinent facts, procedural history, and law, we overrule Appellant's assignment of error, and dismiss Appellant's appeal pursuant to res judicata.

BACKGROUND

{¶2} Appellant, Charlotte Durst, filed a lawsuit against Appellee, Riki Nutter, alleging fraud, theft, embezzlement, etc. At trial on May 10, 2019, the parties settled the case. The trial court instructed counsel to submit an entry within five days to opposing counsel, and, pursuant to Loc.R. 12.01, the trial

court would accept or reject an entry within three days of the date that the entry or entries were submitted. However, neither party submitted a timely entry to the trial court. Consequently, the trial court issued an entry on September 12, 2019 setting a hearing on the matter for October 10, 2019, which indicated that if the parties submit an entry prior to that date and the court approved it, the hearing would be cancelled. Otherwise, the case would be dismissed.

{¶3} On September 19, 2019, Appellee submitted a "final appealable order" for the trial court's approval, which included a certificate of service indicating that it had been sent to Appellant's counsel on September 18, 2019. On September 25, 2019, the trial court signed and issued a final order that resolved all the issues and dismissed all claims by the Appellant with the following caveat: "The parties stated on the record that they had a disagreement as to the effect of the dismissal of the claims by [Appellant] as to any applicable statutes of limitation and any savings statutes. As such, the court renders no opinion on said issues at the time."

{¶4} On November 14, 2019, Appellant filed a Civ.R. 60 motion in the trial court seeking to set aside the September 25th entry. Appellant argued that the entry did not properly reflect the parties' agreement in that some claims were to be dismissed with prejudice, and others were not. Appellant argued that the judgment should be set aside due to a clerical mistake under Civ.R. 60(A) and under the "catchall" provision Civ.R. 60(B)(5). The motion was set for a hearing; counsel from both parties were present. After the hearing, the trial court issued an entry that denied Appellant's motion, finding no evidence that the settlement

entry, as signed, was contrary to the parties' settlement agreement. The entry

noted that neither party ordered a transcript of the May 10, 2019 proceeding

wherein the parties reached the settlement.

{¶5} On March 23, 2020, Appellant filed a notice of appeal of the trial

court's order denying Appellant's Civ.R. 60 motion, asserting a single assignment

of error.  On that same day, Appellant filed a praecipe and notice to the court

reporter stating that Appellant

> hereby notifies the Clerk of this court need not forward a record
> of any transcript or record concerning this Court's Order entered
> February 18, 2020 pursuant to Rule 9(C).  The appeal is from the
> order which states that no transcript was ordered by the parties
> but does detail the factual synopsis concerning the entry of that
> Order.  As such, the appeal would be one limited to these factual
> surroundings for abuse of discretion as evidence was submitted.

{¶6} On April 24, 2020, Appellant filed her appellate brief.  Appellee filed

a motion to dismiss Appellant's appeal and for damages.  Appellee argued that

Appellant "unjustifiably failed to order a transcript or file a statement of the

evidence."  We denied Appellee's motion to dismiss finding that Appellant had a

choice to not request a transcript under App.R. 9(B)(5)(a).

## ASSIGNMENT OF ERROR

THE LOWER COURT COMMITTED ERROR BY NOT GRANTING
APPELLANT'S 60(A) AND (B) MOTION BASED ON THE EVIDENCE
PRESENTED IN CORRESPONDENCE BETWEEN COUNSEL PREVIOUSLY
TRYING TO COMPILE THE ORDER

{¶7} Appellant first argues that the parties agreed that the settlement

agreement would reflect that "all claims with the exception to Count VI would be

dismissed without prejudice."  Therefore, Appellant claims that the settlement

entry language that " '[a]ll claims of the [Appellant] are dismissed' is therefore

unclear and needs to be corrected as a clerical mistake in the order."

Consequently, Appellant argues that we should reverse the trial court's judgment

denying Appellant's motion to set aside its settlement entry because the trial

court made a clerical mistake that is correctable under Civ.R. 60(A).

{¶8} Appellant also argues she "tried numerous times to ask [Appellee's]

counsel for an agreement on [the settlement entry] in what would be an attempt

at preventing objections, or otherwise continuing litigation with the [settlement

entry]."  Appellant argues that Appellee refused to cooperate in coming to an

agreed entry.  Therefore, alternatively, Appellant argues that we should reverse

the trial court's judgment denying Appellant's motion to set aside its settlement

entry under Civ.R. 60(B).  The Appellee did not file a merit brief.

LAW AND ANALYSIS

{¶9} Before we address the merits of Appellant's appeal, we believe it is

important to address a procedural issue that we find dispositive of her appeal.

{¶10} " 'Res judicata bars relitigation of a matter that was raised or could

have been raised on direct appeal when a final, appealable order was issued in

accordance with the law at the time.' " *In the Matter of: L.S. Adjudicated

Dependent Child*, 4th Dist. Ross No. 20CA3719, 2020-Ohio-5516, quoting *State

v. Griffin*, 138 Ohio St.3d 108, 2013-Ohio-5481, 4 N.E.3d 989, ¶ 3.

"Consequently, if a Civ.R. 60(B) motion raises issues that the movant could have

challenged on direct appeal, then the doctrine of *res judicata* prevents the

movant from employing Civ.R. 60(B) as a means to set aside the

court's judgment."  *Sydnor v. Qualls*, 4th Dist. Scioto No. 15CA3701, 2016-Ohio-

8410, ¶ 29, 78 N.E.3d 181, citing *Blasco v. Mislik,* 69 Ohio St.2d 684, 686, 433 N.E.2d 612 (1982). Res judicata similarly bars a Civ.R. 60(A) motion that seeks to set aside a final judgment in which the same issue was or could have been raised. See *United States v. Salvation Army Harbor Light Complex*, 8th Dist. Cuyahoga No. 53242, 1987 WL 10599, at *1 (Apr. 30, 1987).

{¶11} The settlement entry that Appellant sought to have set aside in her Civ.R. 60 motion was a "final appealable order" that was filed by the trial court on September 25, 2019. The question raised in Appellant's Civ.R. 60 motion, which was filed on November 14, 2019, was whether the settlement correctly reflected the intent of the parties. Appellant could have raised that same issue in a direct appeal of the September 25, 2019 settlement entry. Consequently, Appellant's Civ.R. 60(B) motion was barred by res judicata. Because Appellant was, in effect, attempting to use her Civ.R.60 motion as an appeal, we dismiss her appeal. See *Citizen of Hocking Cty. v. Ohio Power*, 4th Dist. Hocking No. 11CA24, 2012-Ohio-4985, ¶ 15.

{¶12} Even assuming arguendo that res judicata did not bar our consideration of Appellant's appeal, we find her appeal would otherwise fail on its merits. We review a trial court's decision asserting a Civ.R. 60(A) or (B) motion to set aside a judgment under an abuse of discretion standard. *In re D.H.*, 4th Dist. Gallia No. 09CA11, 2009-Ohio-6009, ¶ 46 (Addresses the standard of review of Civ.R. 60(A)); *Britton v. Britton*, 4th Dist. Washington No. 18CA10, 2019-Ohio-2179, ¶ 23 (Addresses the standard of review of Civ.R. 60(B)).

**{¶13}** Civ.R. 60 vests a trial court with authority to set aside a judgment under certain circumstances. See *Varney v. Varney*, 4th Dist. Jackson, No. 97 CA 809, 1998 WL 548734, *7 (Aug. 26, 1998). More specifically, "Civ.R. 60(A) permits a trial court * * * to correct clerical mistakes which are apparent on the record, but does not authorize a trial court to make substantive changes in judgments.' " *In re D.H.* at ¶ 47, quoting citing *State ex rel. Litty v. Leskovyansky* , 77 Ohio St.3d 97, 100, 671 N.E.2d 236 (1996), superseded by rule on other grounds. And under Civ.R. 60(B), a trial court may set aside its judgment for numerous reasons, including

> (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment.

*Whited v. Whited*, 4th Dist. Washington No. 19CA26, 2020-Ohio-5067, ¶ 9.

**{¶14}** The September 25, 2019 entry states in pertinent part: "The parties *stated on the record* that they had a disagreement as to the effect of the dismissal of the claims of the [Appellant] as to any applicable statutes of limitation and any applicable savings statutes. As such[,] the court renders no opinion on said issues at the time." (Emphasis added) In denying Appellant's Civ.R. 60 motion, the trial court found "no evidence was presented at the hearing

held on January 16, 2020, which would permit the Court to grant Plaintiff's motion to reconsider pursuant to either Civil Rule 60(A) or 60(B)."

{¶15} Even assuming arguendo that the documentation that Appellant had submitted - (1) a draft entry purportedly submitted to, and rejected by, Appellee; (2) several e-mails purporting to discuss the draft entry with Appellee; and (3) the actual September 25, 2019 entry signed by the trial court – is a "statement of the evidence" that we could consider under App.R.9(C)[1], it does not persuade us that the trial court abused its discretion in denying Appellant's Civ.R. 60 motion.  Aside from Appellant's self-serving draft entry, none of these documents indicates that the parties agreed to the disposition of the claims that were dismissed, i.e. that they would dismissed with or without prejudice.  In fact, in the settlement entry, the trial court indicated that the parties stated "on the record that they had a disagreement as to the effect of the dismissal of the claims of the [Appellant]" * * * As such, the Court renders no opinion on said issues at this time." Under these facts, we find the trial court did not abuse its discretion in denying Appellant's Civ.R. 60 motion to set aside the settlement agreement.

## CONCLUSION

{¶16} Having overruled Appellant's assignment of error, we dismiss Appellant's appeal on res judicata grounds.

**APPEAL DISMISSED**

---

[1] App.R. 9(C)(1)"contemplates situations when a transcript of proceedings may be *unavailable* and provides a means to reconstruct the record." (Emphasis added.) *In re R.P.*, 4th Dist. Athens No. 17CA35, 2018-Ohio-2679, ¶ 7. Appellant makes no assertion that there was no record or transcript of the trial court's hearing on her Civ.R. 60 motion, or for some reasons was unavailable, which, brings into question whether Appellant could have utilized App.R. 9(C)(1) to submit a statement of the evidence.  Further, there is a question as to whether the documents that Appellant has submitted are a "statement of the evidence" as that term is used in App.R. 9(C)(1).

## **JUDGMENT ENTRY**

It is ordered that the appeal is DISMISSED and costs be assessed to Appellant.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the MEIGS COUNTY COURT OF COMMON PLEAS to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Smith, P.J. & Hess, J.:  Concur in Judgment and Opinion.

For the Court,


BY:      _____
             Judge Kristy S. Wilkin

## **NOTICE TO COUNSEL**
**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**